*ROWE vs. HALL.*

Rowe *vs.* Hall.

It does not follow as a consequence, from a party failing to comply with an engagement, that he owes a debt. He is responsible in damages for the non-execution of his engagements, and these damages are only due after he has been put in delay.

Appeal from the court of the third district, the judge of the eighth presiding.

The petition set forth that the plaintiff *sold* to the defendant a slave, in consideration that the latter would take up and deliver to plaintiff his note of hand in favor of one Hughy, for six hundred dollars. It was proved upon the trial that the defendant failed to take up the note. The written agreement introduced in evidence, was a *mortgage* from the defendant to the plaintiff for a slave, which was to be discharged upon the delivery to the plaintiff of Hughy's note, or the slave was to be delivered to the plaintiff as his property. There was judgment of nonsuit, and the plaintiff appealed.

Porter, J. delivered the opinion of the court. This case commenced by attachment. The petition alleges a contract to have been entered into between the plaintiff and defendant, and by the failure of the latter to comply with it, he owed the sum of six hundred

Eastern District.
*March*, 1830.

ROWE *vs.* HALL.

dollars, for which judgment is prayed against him, with interest, damages and costs.

The judge was of opinion the plaintiff had not made out his case, and non-suited him. He appealed.

We are of the same opinion with the judge below. The contract introduced in evidence shows the defendant *mortgaged* to the plaintiff a negro boy named Stephen, on the condition, however, that it should be null and void on the delivery of a note of the petitioner for six hundred dollars, and that if the note was not delivered, the boy should become the property of the plaintiff. This agreement the defendant has failed to comply with.

*It does not follow as a consequence from a party failing to comply with his engagement, that he owes a debt. He is responsible in damages for the non-execution of his engagements, and these damages are only due after he has been put in delay.*

But it does not follow as a consequence of his failure that he owes six hundred dollars to the plaintiff. He is responsible for the damages resulting from the non-execution of his engagement; and these damages are only due after he has been put *in delay.* See case of *Erwin vs. Fenwick,* 6 *Martin n. s.* 231. *L. Code* 1927.

It is therefore ordered adjudged and decreed, that the judgment of the district court be affirmed with costs.