M'MASTER AND
HYDE          It is, therefore, ordered, and decreed, that the judgment
*vs.*
BRANDER ET AL. of the Parish Court be affirmed, with costs.

M'MASTER AND HYDE *vs.* BRANDER ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An offer to deliver a box of goods, after suit is commenced, without
tendering the costs, does not possess the requisites of a legal tender.

The plea of the general issue, and an averment that a certain case of goods,
*described in the petition*, was tendered and delivered, does not admit their
*value* as alleged by the plaintiff, and dispense with proof of it.

This is an action to recover the sum of one thousand three
hundred and fifty dollars, the *estimated* value of a case of
goods shipped by one of the plaintiffs, in New-York, for
New-Orleans, on board the ship Harkaway, belonging to the
defendants, and not delivered according to the bill of lading.

The plaintiffs expressly allege that they are the owners of
said box of merchandise, (describing it;) that it contains
sixty pieces and eighteen yards of printed muslins, worth one
thousand three hundred and fifty dollars, according to a de-
tailed account annexed, which was shipped with other goods
of theirs, on board said vessel, and not delivered ; and that
the defendants are liable to pay its value as above stated, for
which they pray judgment, and that said ship be attached.

The defendants pleaded a general denial, and expressly
denied any liability. They further aver, that the *case of goods
described* in the plaintiffs' petition was duly delivered, and

was tendered to the plaintiffs, who refused to receive it. They pray for general relief, and to be dismissed.

EASTERN DIST.
*April*, 1840.

M'MASTER AND
HYDE
*vs.*
BRANDER ET AL.

Upon these pleadings and issues, the cause was tried before the court.

The evidence showed that the case of goods was shipped in New-York, the 20th February, 1837; and that on the 20th of May following, about a month after this suit was instituted, the captain and consignees of the ship offered to deliver the goods in question, and one of the plaintiffs being present, agreed to take them, but on condition that he would still hold the ship liable for damages. The delivery was declined on these terms.

There was no evidence of the value of the goods, except in the account made out by plaintiffs, and set out in the petition. The evidence principally went to show that there had been some delay in the delivery of this case or box, not accounted for; and that by the advance of the season, the goods had greatly depreciated in value.

The district judge was, however, of opinion, that as the pleadings admitted the identity and description of the box of goods, that their value was also acquiesced in; and that the defendants had not made such a tender as would exonerate them and put the plaintiffs in default. Judgment was given for the amount claimed, and the defendants appealed.

*Lockett*, for the plaintiffs, insisted that the judgment was correct, and should be affirmed.

*Roselius*, for the appellants, contended:

1. The case of goods, for the non-delivery of which this suit is brought, was tendered to the plaintiffs, before the answer was filed, in presence of three witnesses. If the costs accrued were not offered, the only effect of this is, that the defendants are not exonerated from the payment of the costs subsequently incurred.

2. The defendants were never put *in mora*, no demand for the delivery of the goods was ever made before the institution of the suit.

EASTERN DIST.
*April*, 1840.

M'MASTER AND
HYDE
*vs.*
BRANDER ET AL.

3. There is no evidence of the value of the goods; but the judge of the court below very illegally concludes that as we aver having tendered the case of goods claimed, we thereby admit its value. This is a *non sequitur*.

. *Morphy, J.,* delivered the opinion of the court.

This is an action to recover one thousand three hundred and fifty dollars, the value of a case of goods put on board the ship Harkaway, in New-York, and consigned to the plaintiffs here, but not delivered to them on the arrival of the ship at this port. The defendants, after a general denial of all the allegations tending to make them liable to plaintiffs, aver that the case of goods described in the petition, was duly delivered and has been tendered to the plaintiffs, who have refused to receive it. The plaintiffs obtained, in the inferior court, a judgment; from which defendants prosecute this appeal.

The evidence shows, that about a month after the institution of this suit, defendants made to plaintiffs an offer of the case of goods claimed of them, which through some mistake or accident, appears to have been mislaid. The plaintiffs refused to receive the goods, unless under an express reservation of their right of holding the defendants liable in damages for their tardy delivery. These terms not being agreed to by defendants, the goods were not delivered. It is useless to inquire into the plaintiffs' right to make any such reservation, under the averments of their petition; for the offer itself, independent of this pretension of plaintiffs, was not accompanied with a tender of the costs incurred up to that time, and did not possess the legal requisites of a tender, according to articles 404 and 407, of the Code of Practice. No proof whatever was given below of the value of the goods claimed. We cannot agree with the judge who tried this cause, that this was unnecessary under the pleadings; that defendants, by averring that they had tendered the case of goods *described in the petition,* thereby admitted and acquiesced in the value affixed to the goods by plaintiffs. The words used by defendants clearly related to the marks and other particulars, by

An offer to deliver a box of goods, after suit is commenced, without tendering the costs, does not possess the requisites of a legal tender. The plea of the general issue and an averment, that a certain case of goods *described in the petition,* was tendered and delivered, does not admit the *value* of the goods as alleged, by the plaintiff, and dispense with proof of the value affixed by him.

which the box, by them tendered, could be identified with that mentioned in the petition. The price which it pleased plaintiffs to affix to the goods, could not have entered the minds of defendants, when they made this averment. The plaintiffs cannot recover without proving the value of the goods for which they seek to render defendants liable. We think, however, that the justice of the case requires that they should be afforded an opportunity of making such proof, which they thought perhaps unnecessary.

EASTERN DIST.
*April*, 1840.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that this case be remanded for further proceedings; the plaintiffs and appellees paying the costs of this appeal.