## James McMaster and another *v.* James S. Brander and others.

Putting the defendant *in mora*, is a condition precedent to the recovery of damages for a passive violation of a contract. Such damages are only due after the debtor has been put in default, and the default must be alleged and proved ; nor can evidence be received to prove a demand, where it has not been alleged in the petition.

Where, in an action for damages for the non-delivery of goods, the petition contained no allegation of an amicable demand, but defendants averred, in their answer, a tender of the goods made by them subsequently to the commencement of the suit : *Held,* that the tender having been made subsequently to the filing of the petition, cannot cure the omission of an allegation of a previous demand, and give the plaintiffs a right of action.

APPEAL from the District Court of the First District, *Buchanan, J.* This was an action to recover from the defendants, owners of the ship Harkaway, damages for the non-delivery of a case of merchandize shipped by the plaintiffs. The petition did not allege that the defendants had been put in default.

*Lockett* and *Micou*, for the appellants.

*Roselius*, for the defendants. The violation of the contract of affreightment, was a passive one, and the plaintiffs cannot recover without proving that the defendants were put *in mora*. Civ. Code, arts. 1925, 1926. The institution of suit did not put defendants

in default, the action not being for specific performance, or for damages.    The default must be alleged in the petition, in order to show a cause of action.    This has been established ever since the case of *Erwin* v. *Fenwick*, 6 Mart. N. S. 23.    *Ory* v. *Winter*, Ib. 606.    *Rowe* v. *Hall*, 1 La. 98. . *Taylor* v. *Chase*, 18 La. 88. The averment of a tender does not supersede the necessity of proving a demand for the delivery of the goods.

SIMON, J.    This case was before us in April, 1840, (15 La. 206,) and was then remanded for further proceedings, for the purpose of affording the plaintiffs an opportunity of proving the value of the goods for which, they seek to make the defendants liable. The case went back to the District Court, which, after having received some evidence in relation to the value of the goods, rendered judgment in favor of the plaintiffs, for costs only.    From this judgment, the plaintiffs have appealed.

This being a claim for damages for the non-delivery of certain goods and merchandize, in compliance with a contract of affreightment, our attention has been called to the question, whether the plaintiffs could maintain the action, without having alleged in their petition, and without showing that they put the defendants *in mora*, previous to the institution of this suit ?    This question was not urged on the first trial before us, or, if it was, passed unnoticed, for the reason, perhaps, that as the case was to be remanded for further proceedings to complete the evidence, it ought to remain open until we could get a full view of all the facts and circumstances it was in the power of the parties to adduce in support of their respective pretensions.    But now that the case comes back after a new investigation of its merits, and after an elaborate opinion of the inferior judge on the question of default relied upon by the defendants, we think it our duty to examine it fully, as upon its solution will mainly depend the necessity of inquiring into the plaintiffs' right to recover in this action.

This, as we have already said, is merely an action for damages for the non-performance of a contract of affreightment.    Its object does not in any manner appear from the petition to be for the specific performance of the contract, nor is the prayer or demand in the alternative ; and it is very clear that the alleged violation of the contract, being a passive one, the plaintiffs could not recover

without alleging and proving that the defendants were put *in mora*. This is a pre-requisite, or condition precedent to the recovery of any damages, which are only due after the debtor has been put in default ; and as this court said in the case of *Erwin* v. *Fenwick*, 6 Mart. N. S. 230, it was the duty of the creditor to allege, or, at all events, to prove the facts, without which he had no cause of action. Civ. Code, arts. 1925, 1926, 1927 and 1928.  1 La. 98.   7 Ib. 193.   18 Ib. 90.

But it is contended that the allegations of a tender and delivery of the case of goods, contained in the defendant's answer, on which averment of tender and delivery they voluntarily placed their defence, ought to supersede the necessity of proving that they were put *in mora*.   The facts that gave rise to the averment, are these. It appears that, after this suit was instituted, and before filing their answer, the defendants offered the box of merchandize to the plaintiffs, who consented to receive it on condition that it should be expressed in the receipt that the plaintiffs were to hold the defendants liable for damages.   The delivery of the case was refused on these terms, and the defendants kept the goods in their possession.   We are unable to see in the averment of this insufficient tender, any thing inconsistent with the legal defence that the defendants were not put in default previous to the institution of the suit ; nay, far from presupposing a demand, it shows on the contrary that if such demand had been made in due time, the defendants were disposed and even ready to deliver the case of goods in compliance with their contract.   At all events, the tender having taken place after the filing of the petition, which contains no allegation of a previous demand of the goods, this subsequent circumstance cannot cure such a defect, and give the plaintiffs a right of action which they had not acquired when they set up their claim to the damages sued for ; and it is clear that the defendants were not bound to plead and show a legal tender, since the plaintiffs could not maintain their action.

But it is insisted that, if we should consider the proof of a previous demand indispensable to the plaintiff's recovery, the case must again be remanded for proof on that point.   We might perhaps do so, if the allegations of the petition were such as to authorize the introduction of the evidence ; but there is not any

allegation or averment in it that any demand was made; and again, this is a prerequisite which must be specially alleged in order to show a cause of action.

We think the District Court erred in condemning the defendants to pay the costs of the suit; and the judgment below should have been one of nonsuit.

It is, therefore ordered, that the judgment of the District Court be avoided and reversed, and that ours be for the defendants, with costs in both courts, as in case of nonsuit.