ARMOND OLMSTED *vs.* ELI CLARK, EXECUTOR.

Whether debt will lie on a judgment against an executor : *Quere.*
Where a judgment was obtained against an executor in his own wrong, and he afterwards took out administration and settled the estate as an insolvent estate, and no assets remained in his hands for the payment of debts, it was held that this constituted a good defense against an action of debt on the judgment.

DEBT on a judgment against the defendant as executor of Phineas Clark, tried in the superior court before *Park, J.*, upon the general issue with notice, closed to the court.

On the trial it was admitted by the defendant that he had made himself executor in his own wrong, and was such at the time the judgment was rendered, but he claimed that he had since taken out administration on the estate and represented it insolvent, and had fully administered the estate, and that his administration account had been settled in the court of probate, leaving nothing for the payment of debts ; and in proof of this he offered the records of the court of probate in evidence. The plaintiff objected to the admission of the evidence, on the ground that the defendant, being executor in his own wrong when the judgment was rendered, could not exonerate himself from liability to pay the judgment by such subsequent proceedings. The court sustained the objection, ruled out the evidence, and rendered judgment for the plaintiff, upon which the defendant moved for a new trial.

*Hubbard* and *Orton*, in support of the motion, cited 2 Greenl. Ev., §§ 344, 345, 348 ; 1 Swift Dig., 452, 730, 794 ; *Bacon* v. *Parker*, 12 Conn., 212 ; and *Shillaber* v. *Wyman*, 15 Mass., 322.

*Graves*, with whom was *Sanford*, contra, cited 1 Swift Dig., 452, 573, 752, and *Denison* v. *Williams*, 4 Conn., 402.

HINMAN, J.   This is an action of debt against the defendant as executor of Phineas Clark, on a former judgment against the defendant as such executor, in a suit commenced after the testator's death.

In England an action of this sort, suggesting a devastavit, will lie ; but the leading case in which this was finally established proceeded throughout upon the idea that without such a suggestion it could not be sustained. *Wheatley* v. *Lane*, 1 Saund., 216.   But in the form in which this suit is brought it appears to be a novelty, and there is obviously no necessity for such an action. The judgment must, in substance, be against the assets in the executor's hands, as was the case with the first judgment ; and these of course could be reached

by the first as easily as by a subsequent judgment, and in the same way.

We need not however determine whether the action will lie, because we are satisfied that there is another good defense to the suit. The defendant, since the former judgment was rendered, has had administration granted to him on the estate, which he represented to be insolvent, and it has been regularly settled, and the assets have all been administered and exhausted. But it is said this is no defense, because he was rendered liable in the former suit as executor in his own wrong. We think this result does not follow. On the contrary, it seems to be well settled that an executor in his own wrong may always plead that he has fully administered. Greenleaf so states the law, and refers to *Mountford* v. *Gibson*, 4 East, 441, and other cases in which it has so been held; and Williams in his book on Executors, vol. 1, p. 144, says, speaking of such an executor, " If he pleads properly he is not liable beyond the extent of the goods which he has administered." See also 1 Wms. Saund., 265, note 2, to the same effect. If this action can be sustained at all it must be upon the same principles which would have applied to the first suit. The plaintiff ought not to be suffered to gain any advantage by bringing a needless suit. But by omitting to proceed by *scire facias*, or in some other mode to obtain satisfaction out of the assets under his first judgment, he ought at least to be held to waive any advantage, if indeed he would be entitled to any under our practice, which perhaps he might have claimed, by the priority of his judgment to the defendant's taking out administration and settling the estate. On this ground therefore we think a new trial should be granted, and as this defense must necessarily end the case, it is unnecessary to consider any other point made in it.

In this opinion the other judges concurred.