CONRAD G. BACON, ADMINISTRATOR, vs. WALLACE K. BACON, ADMINISTRATOR.

Where one person has the possession and life use of a fund and another the reversionary interest, and the former dies and the fund comes into the possession of his administrator, the claim of the reversioner is upon the administrator for property that is his own and which the administrator has no right to retain, and is not the claim of a creditor upon the estate.

And it makes no difference whether the property thus held for life is in a specific form or is merely money. In the latter case it is a trust fund.

If the person having the life use has wrongfully disposed of the property, so that it cannot be found, the claim for the wrongful act would be upon the estate, like that of any other creditor.

[Argued May 1st—decided May 18th, 1883.]

CIVIL ACTION to recover of the defendant, as administrator with the will annexed of one Priscilla B. Leach, certain moneys of which she had the possession and life use; brought

to the Superior Court in Middlesex County. The plaintiff was administrator of Beriah N. Leach, her husband, who owned the moneys subject to her life use. The court (*Stoddard, J.*), sustained a plea in abatement and rendered judgment for the defendant, and the plaintiff appealed. The points decided by this court will be sufficiently understood from the opinion, without a further statement of the case.

*S. A. Robinson* and *A. W. Bacon*, for the appellant.

*J. L. Barbour*, for the appellee.

CARPENTER, J. The principal question discussed in this case is, whether an estate of a deceased person actually solvent, but which has been represented insolvent, and is being settled as an insolvent estate, is insolvent within the meaning of the statute which provides that suits brought against insolvent estates shall abate. But there is a question underlying that, and that is, whether this is an action brought against the estate within the meaning of the statute, or is an action against an administrator to recover property which is in his possession, and which he claims to hold in his official capacity, and which the plaintiff claims belongs to the estate which he represents. In other words, is it an action against the estate, or against the administrator?

We think it is an action against the administrator.

It appears that Leach, the plaintiff's intestate, owned certain money deposited in a savings bank at Middletown, of which, under an arrangement between them, his wife was to have the possession and use during her life. He died before she did. Upon her death the defendant, administrator of her estate with the will annexed, took possession of the fund and now holds it in his official capacity.

It is obvious that this arrangement created no debt on the part of Mrs. Leach. She did not obligate herself to pay money during her life. She was entitled to retain the possession of the money until the last moment of her life. Of course no one could demand it of her and no one was entitled to receive it from her. Nor is it one of those excep-

Bacon v. Bacon.

tional cases in which she entered into an obligation payable at or after her death. She made no attempt to bind her estate. By her agreement she was only entitled to the income of the fund during her life. The real title to it, or to the remainder, was in her husband during her life. Her death terminated the life estate, and, had he been then living, the fund would have been his, freed from that burden. When he died his interest in the fund was a part of his estate, and vested in his administrator. When she died it was the duty of his administrator to administer it for the benefit of his heirs.

If it be objected that money has no ear-marks, and that when she took possession of it she had the power of disposing of it, so that now it becomes in effect a money demand against her estate, we answer, that if she did take the money and dispose of it in a manner not contemplated by the arrangement then it was clearly a breach of the agreement, in effect a breach of trust, and that will not be presumed. But even then that part of it which she did not thus dispose of, if any, would belong to his estate, and her estate would be liable as for a debt only for that part which she wrongfully disposed of.

Conceding that she actually received money instead of choses in action, we think the money was in the nature of a trust fund, and that her relation to it was that of a trustee. True, she was entitled to the interest, but at her death the fund itself was to go to her husband, to whom it belonged, or to his estate. So far as the fund can be traced it should be treated as trust property and a part of his estate, provided it can be done without prejudice to the rights of third parties. If she received savings bank books or other evidences of debt, and kept the property substantially as it was, or re-invested it so that it may be identified, we see no reason why the plaintiff is not entitled to the relief sought provided he proves his title to the property.

The judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.