THE STATE vs. THEODORE W. OSBORNE ET AL.

Third Judicial District, Bridgeport, April Term, 1897. ANDREWS, C. J.,
        TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 617 of the General Statutes provides that whenever a guardian of a
    minor shall die before completing and accounting for his trust, his
    executor or administrator shall settle the account in the Court of Pro-
    bate, and the amount found due from or to him shall be paid in the
    same manner as if such account had been settled in the lifetime of the
    decedent.  In the case at bar the estate of the deceased guardian was
    found to be indebted in a certain sum to the estate of the ward, and
    upon the refusal of the administrator to make immediate payment of
    this amount the newly appointed guardian sued him and his sureties
    upon their bond, alleging that the administrator had received specific
    moneys belonging to the estate of the ward, which he had refused to

    VOL. LXIX—17

turn over to the plaintiff. It appeared that prior to the death of the first guardian, the ward's estate had been so mingled with his own property that it was not distinguishable in any way, and that no money came into the administrator's hands as a part of the deceased guardian's estate. *Held* that the defendants were not liable.

[Argued April 27th—decided May 25th, 1897.]

ACTION upon an administrator's bond to recover specific moneys claimed to have been owned by the plaintiff's ward, brought to the town court of Norwalk and thence by the plaintiff's appeal to the Court of Common Pleas for Fairfield County, and tried to the court, *Curtis, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

*Joseph A. Gray,* for the appellant (plaintiff).

The defendants are conclusively bound by the accounting in the Court of Probate, and cannot deny that the estate of the deceased guardian was indebted to the plaintiff's ward. It is not necessary that the plaintiff should be able to identify or distinguish the trust property; if it can be traced into the estate of the agent or trustee, that is sufficient. *Props. of White School House* v. *Post,* 31 Conn. 240 ; 1 Beach, Modern Equity, §§ 285, 325; *National Bank* v. *Ins. Co.,* 104 U. S. 54; *Van Allen* v. *Am. Natl. Bank,* 52 N. Y. 1 ; *Dows* v. *Kidder,* 84 id. 121, 132 ; *Third Natl. Bank* v. *Stillwater Gas Co.,* 36 Minn. 75; *McLean* v. *Evans,* 66 Wis. 401; *Harrison* v. *Smith,* 83 Mo. 216; *Slatter* v. *Coates,* 88 id. 514; *Peak* v. *Elliott,* 30 Kan. 158.

*A. T. Bates,* for the appellees (defendants).

The purpose of § 617 of the Gen. Stats. is to settle the guardian's account with the ward's estate, that it may be known how much, if anything, is due the ward's estate; and if the condition of the guardian's estate will warrant it, the administrator or executor would undoubtedly be justified in paying over the amount found due by the Court of Probate. But the administrator or executor is entitled to administer his decedent's estate in due process, and proceed to a final settlement thereof, before he can know the condition of his

decedent's estate, and whether he will be warranted in paying over to the ward's estate the amount found due. This must necessarily be so where the claim of the ward's estate, as in the case at bar, is a mere claim or money demand against the estate of the decedent. The trial court finds that the decedent (Cosier) had, previous to his death, mingled the ward's estate with his own property, so that it was not distinguishable in any way. In such case the ward's estate becomes a mere creditor and must present its claim as such. Perry on Trusts, 2d ed. § 345; *Little* v. *Chadwick*, 151 Mass. 110, 111; *Att'y General* v. *Brigham*, 142 id. 250, 251; *Rowley* v. *Fair*, 104 Ind. 189. There is nothing in the judgment of the Court of Probate that makes it binding upon Cosier's administrator to pay over the said balance. It only shows that the ward's estate is a creditor of Cosier's estate to that amount.

FENN, J. This is an action upon an administrator's bond. The complaint alleges that the defendant Osborne received into his hands as administrator of the estate of David S. Cosier, certain specific money, to the amount of $292.73, which said Cosier held in his lifetime as the estate of Samuel P. Holmes, for whom he was guardian, and which said Osborne, after accounting for the same under the provisions of General Statutes, § 617, refused to pay over to the present guardian of said Holmes. The court below rendered judgment for the defendant.

It appears from the finding that said Cosier at the time of his death had in his possession no specific property or moneys constituting the whole or a part of the estate of said Holmes, for whom he was guardian. The said ward's estate had been previously mingled with Cosier's own property so that it was not distinguishable in any way. At the time of his death said Cosier had in his possession no specific money, and no money came into said Osborne's hands as a part of said Cosier's estate. Said Cosier left an account of his dealings with his ward's estate, from which the amount due said estate could be found. The relator having been appointed guardian of said Holmes, said defendant Osborne, at his

request, in accordance with General Statutes, § 617, settled the account of the decedent Cosier as guardian of said ward, in the Court of Probate. Said account showed a balance of $292.73 due the estate of said Holmes, but the same did not represent that specific money, or other property of that value belonging to the ward's estate, was in the hands of said Osborne, or had been found by him among the possessions of the deceased Cosier. Subsequent to said accounting the relator demanded from said Osborne payment of said balance of $292.73, and Osborne refused to pay the same, treating said claim on a par with all other claims against the estate. Thereupon the plaintiff began this action upon the bond of said administrator Osborne.

Said refusal to pay said claim at that time was entirely justifiable, in view of the condition of said estate, which was at all times sufficient to pay all of the post-mortem expenses of the settlement of said estate, and to pay the ward's claim if the same was entitled to a preference over all other ante-mortem claims; otherwise it was not sufficient. The court below, in a memorandum of decision, states what the entire record fully verifies, namely: " This action has been conducted, tried out, and all rulings made in preliminary matters, upon the plaintiff's claim that the gist of the action was the possession by Osborne of specific property of the ward." And the court adds : " Therefore, this fact not being established, judgment is given for the defendant, whose administration of the estate has been unobjectionable, unless said ward's claim was entitled to be immediately paid in any event."

Seven reasons of appeal are assigned; but these, as the plaintiff himself says, present two main claims only. The principal one of these relates to the effect of the accounting under General Statutes, § 617. Concerning this, it appears that upon the trial in the court below, the plaintiff objected to any evidence tending to show that specific money or property belonging to the estate of Samuel P. Holmes was not found among the possessions of said Cosier, deceased, and did not come into the hands of said Osborne, and also to evi-

dence tending to show that no money whatever came into said Osborne's hands as a part of said Cosier's estate. Upon the admission of such evidence by the court, the plaintiff duly excepted. The plaintiff also claimed that the action of the defendant Osborne, in accounting under the provisions of General Statutes, § 617, was an admission by him of the fact that he had the minor's estate, as if he had none, he should not have accounted; that the acceptance of the accounting of the Court of Probate was conclusive upon the defendants that the administrator had this property, that he could not contradict the record of the Court of Probate and, under the facts in this case, he must pay said sum of $292.73 from the decedent's estate; that the action of the Court of Probate was conclusive upon him in this case, and under the terms of the statute he should pay over as the deceased guardian would have done, and had no discretion about it.

But we think the plaintiff misapprehends the scope and bearing of the statute. It enacts that " whenever the executor of a will or administrator with the will annexed, or administrator of an intestate estate, conservator of a ward, guardian of a minor, trustee, or trustee in insolvency, shall die before completing and accounting for his trust, the executor or administrator of such decedent shall settle the account of such decedent in the Court of Probate, and the amount found due from or to him shall be paid in the same manner as if such account had been settled in the lifetime of such decedent." Pursuant to the requirements of this statute it became the duty of Osborne, as administrator of Cosier, to settle the guardian account in the Court of Probate. It was equally his duty whether Cosier's estate was solvent or insolvent, whether there was specific property or moneys on hand belonging to the trust, or whether there was not. In either event the one essential—the amount due " from or to " the decedent—would appear and be found. The rest would be incidental, and should be stated according to the facts. Then, the account being thus settled and determined, the matter of payment is not otherwise provided for than that it shall be in the same manner as if such account had been settled in the

lifetime of such decedent. The result would seem to be that the defendant Osborne stands to the plaintiff in the same position as if the guardian account, showing a cash balance of $292.73 had been settled by Cosier just previous to his death, instead of by Osborne afterwards.

This brings us to the remaining claim presented by the reasons of appeal, which, as stated by the plaintiff, is this : " The defendant, having received estate enough of the ward to pay this ward's claim, somewhere in the property received by him, he must pay it, no matter if it could not be positively identified as the precise property, and no matter if the deceased had mingled other property with it ; that fact could not defeat the plaintiff's suit, or enrich the estate of the deceased."

But to hold this would be to render judgment in favor of the plaintiff upon a cause of action which the pleadings do not present, and would be contrary to all precedent and principle. The true rule applicable in cases of this kind is that stated by this court in *Bacon* v. *Bacon,* 51 Conn. 19, and is this : Where, upon the settlement of an account of a deceased administrator, guardian, trustee, or the like, an amount is found due from the estate of such decedent, if such amount, or any of it, is in, or represented by, or traceable to, specific property held in the fiduciary capacity by the deceased, or is money set apart and kept, or susceptible of identification, as a trust fund,—in such cases the claim of the beneficiary is upon the administrator for property that belongs to the trust, and which the administrator has no title to retain, in which the creditors of the decedent have no interest, and such right is not itself the claim of a creditor. But if the trustee in his lifetime wrongfully disposed of the property so that it cannot be found, the claim then is for the wrongful act, and is a claim upon the estate like that of any other creditor.

There is no error.

In this opinion the other judges concurred.