No. 3534.

(Court of Appeal, Parish of Orleans.)

MRS. ROSA L. MARTIN vs. PETER GALLAGHER.

Appeal from Civil District Court, Division "D."

Bernard Titche, for Plaintiff and Appellee.

W. S. Benedict, for Defendant and Appellant.

Dufour, J., concurs in a separate opinion.

1. The putting in default is a prerequisite to the recovery of damages and of profits and fruits or to the rescission of the contract for its passive violation.

2. This putting in default being, under our law, an indispensable prerequisite to sustain an action of this kind, it is not necessary to plead the want of it specially, it can be taken advantage of at any time; nor is it waived by the defense set up in the answer.

MOORE, J. The defendant, who is an auctioneer, adjudicated to the plaintiff at public auction a certain piece of real property in the City of New Orleans for the price and sum of $4420.00; plaintiff paying to the defendant 10 per cent. thereof, or say $442.00, to bind the sale.

Subsequently the plaintiff brought her suit to recover of the auctioneer this deposit, on the ground that as "there is a mortgage against said property, which operates as a cloud upon it and makes it impossible or unsafe for petitioner to accept title," she is therefore not obligated to take it and is entitled to a return of the amount paid to bind the sale.

The answer admits the contract of sale, but denies the existence of any cause for the rescission thereof.

There was judgment for the plaintiff as prayed for, and defendant appealed.

It is contended by the defendant that the plaintiff has failed to

215

allege and to prove that he, (defendant) had been put in default; and that such proceeding is indispensable to the right to rescind or dissolve the contract declared on, when its alleged breach is passive and not active.

The petition does not allege any putting *in mora,* nor is there any evidence whatsoever that the defendant was put in default pursuant to the provisions of the Code; and it is apparent that the alleged violation of the contract is passive. This putting in default is, under our law, an indispensable prerequisite to sustain an action of this kind. C. C. 1911, 1912, 1913; 6 N. S. 121; 8 R. 161; 1 La. 98; 7, La. 188; 13 La. 229; 9 R. 495; 19A. 130; 20 A. 291; 37 A. 491, 661; 38 A. 781; 42 A. 492.

"The object of the putting in default," said the Supreme Court, in Moreau vs. Chawin, 8 R. 161, "is to secure the creditor his right to demand damages, or a dissolution of the contract, so that the debtor can no longer defeat this right, by executing or offering to execute the agreement."

By the failure of the plaintiff to put the defendant in default in one of the three modes provided by Art. 1911 C. C., the latter's right to "execute or to offer to execute the agreement" is not defeated, and until that right is defeated, the plaintiff can have no action for the rescission of the contract.

It is objected, however, that this defense cannot be urged, forasmuch as it was not specially pleaded, but was suggested merely in argument.

The putting in default, under the textual provision of the Code, (Art. 1912), "is a *prerequisite* to the recovery of damages and of profits and fruits, or to the rescission *of the contract."* It must *precede* the recovery of the recission, and in its absence a cause of action is not shown. The want of it need not be pleaded at all, it is not waived by an answer setting up other matters and can be taken advantage of at any time. Erwin vs. Fenwick, 6 N. S. 235; Hodge vs. Moore, 3 R. 400; Hepp vs. Commangere, 10 R.

216

524; Beck vs. Fleitas, 37 A. 494; Livingston vs. Scully, 38 A. 786.

The plaintiff, having failed to allege and prove this putting in default, he cannot recover; hence the judgment appealed from is error and must be reversed and plaintiff's suit dismissed as in case of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, reversed and set aside, and that plaintiff's suit be dismissed as in case of non suit. The costs of both courts to be taxed against the plaintiff.

### Concurring Opinion.

1. A party suing to rescind a contract for its passive violation must, as a condition precedent, allege and prove a putting in default.

2. The want of default need not be pleaded in defence, is not waived by an answer setting up other matters and can be taken advantage of at any time by the defendant.

3. Such is the general trend of our jurisprudence, which enforces the textual provisions of the Civil Code while the two cases cited as holding a contrary view absolutely ignore such provisions.

4. I consider it our duty to give no weight to those two cases, and to adhere to earlier jurisprudence, never distinctly overruled, but apparently merely overlooked.

DUFOUR, J. The plaintiff seeks the return of a deposit made by her to bind the sale, and has neither alleged nor proved that the defendant had been placed *in mora*.

Her counsel argues here "that the plea came too late, that it should have been urged *in limine* and specially pleaded, that any right to plead same was waived by answering to the merits and going to trial on the issue of sufficiency of title *vel non*."

In support of this view he cites the following from Ware vs. Berlin, 43 An. 536:

"In his brief the defendant urges that, as a prerequisite to the bringing of the suit, the plaintiff should have put him in default by offering to return to him the amount paid to the plaintiff and the notes representing the balance of the purchase price of the property. There was no exception filed alleging a failure to make a tender, nor was there any special plea, either separately or in the answer that urged this objection. It is too late to wait until after the trial to make this plea. It should have been pleaded specially or set up *in limine*. It cannot be urged in the appellate Court for the first time * * *; and the court cites as authority for the foregoing doctrine, Wood vs. Nicholls, 33 An. 745."

The opinion just quoted overlooked the decision in Livingston vs. Scully, 38 An. 781, in which, after a review of the authorities, it was held that "the want or failure of the plaintiff to put him *in mora* does not oblige defendant to except or specially deny that fact; it is the duty of the plaintiff to allege and prove it, else he cannot recover."

Among the authorities reviewed and approvingly cited are the following, which forcibly state the principle involved:

"The putting of a debtor in default is under our a condition precedent to the recovery of damages or the dissolution of the contract. The want of it need not be pleaded in defence and can be taken advantage of at any time." Hodge vs. Moore, 3 R. 400.

"This putting in default being under our law an indispensable prerequisite to sustain an action of this kind, it was not necessary to plead the want of it specially, nor is it waived by the defence set up in the answer." Hepp vs. Commagere, 10 R. 524.

It is idle to suggest any distinction between a suit for damages and one for dissolution of contract, when the text of the Code makes none, and applies equally to both.

"It (the putting in default) is a prerequisite to a recovery of damages and of profits and fruits, or the rescission of the contract." R. C. C. 1912.

The trend of our jurisprudence enforces the provisions of the Code, while Wood vs. Nicholls, and Ware vs. Berlin, ignore them.

I therefore consider that it is our duty, in this conflict of authorities, to give no weight to the two cases last mentioned.

I therefore concur.

December 12th, 1905.

Rehearing refused December 27th, 1904.

Notice of intention to apply to Supreme Court for writ, etc., Dec. 27, 1904.