———o———

No. 3909.

(Court of Appeal, Parish of Orleans.)

CALUMET BAKING POWDER COMPANY vs. ALFRED FAZENDE.

1. What is not alleged may not be proved.

2. Defective pleadings cannot be cured by evidence received over the objection of the opposite party.

3. Where objection is made to the introduction of any evidence tending to show a putting in mora the objection being based on the ground that this is not alleged, it is error to permit the evidence to be received on the ground that as it will show: "that defendant expressed his inability or unwillingness to perform his contract," a putting in default was not necessary; no allegation of this fact being made in the petition.

4. What the rendered evidence may or may not establish can not be known to the Court until the question of its admissibility is first determined; and if it be affirmed by the party tendering the evidence, that it is to establish either the putting in mora, or to show a legal excuse for not so doing, the question, under the objection, still remains as to whether the evidence is, in either event, responsive to the pleadings.

5. The putting in defaut is an essential prerequisite to the recovery of damages for the passive violation of a contract.

Appeal from Civil District Court, Division "D."

Jas. T. Nix, B. R. Forman, for Plaintiff and Appellee.

Bernard Titche, for Defendant and Appellant.

MOORE, J.   Plaintiff and defendant entered into a contract

by which the latter agreed to furnish the former with 10 cars of rice chaff to be delivered at the rate of one car per month, each car to contain 600 sacks weighing from 40 to 60 pounds, for the price of $7.75 per ton F. O. B. Chicago.

In the event of failure on the part of defendant to carry out his engagement, damages at the rate of $25.00 per each car undelivered is stipulated.

Alleging the non-delivery of six cars the plaintiff company sued for the stipulated damages. The answer was a general denial. There was judgment as prayed for and defendant appealed.

The only question presented on appeal concerns the ruling of the trial judge on an objection to evidence.

It appears that during the progress of the trial below plaintiff tendered in evidence what purported to be a letter addressed by the plaintiff to the defendant and the latter's answer thereto. To the introduction of these letters the defendant objected on the ground "that as they are offered for the purpose of proving a demand or a putting in default by the plaintiff of the defendant, and as no such demand or putting in default is alleged in the petition, they are, consequently, not admissible in evidence."

The objection was overruled and a bill reserved.

The ruling is reversible error.

The failure of the defendant to make delivery, as stipulated in the contract, is but a passive violation of his obligation, for which no damages may be recovered unless it is alleged and shown that the plaintiff had put the defendant in default by tendering the price and demanding delivery or that there existed legal excuse dispencing him therefrom. C. C. 1911-1912-1913-6 N. S. 121-8 R. 161-1 La. 98-7 La. 188-13 La. 229-9 R. 495-19 A. 130-20 A. 291.

37 A. 491-661-38 A. 781-42 A. 492. Martin vs. Gallagher 2 Ct. Appeal Rep. 215.

But what is not alleged cannot be proved; and forasmuch as the petition alleges neither a putting in default nor any fact to show that plaintiff was relieved of the necessity from so

doing, no evidence tending to establish either fact could have been received over defendant's objection.

The reason assigned by the trial Judge for his ruling is as follows:

"The Court is of opinion that the evidence is competent for the reason that it is not necessary for the plaintiff to put the defendant in default when defendant declares his inability or unwillingness to perform his contract."

Conceding the correctness of the proposition that "it is not necessary for the plaintiff to put the defendant in defaut when defendant declares his inability or unwillingness to perform his contract, "it can find no application to the instant cause for the reason that there is no allegation in the petition to this effect whatsoever. If the ruling is based on the fact that the letters tendered in evidence establishes the fact that the defendant" declared his inability or unwillingness to perform his contract, "and that, therefore, they might be received in evidence in order to show the non-necessity for a formal putting, the answer is that the contents of the letters cannot be known to the Court until it be first determined that they are admissible, and are received, in evidence, and besides this evidence cannot supply defective pleadings unless received without objection of the opposite party.

The objection of defendant to the admissibility of these letters was levelled against their use as evidence to show any fact concerning or relating to a putting in default; and whether the letters would show that the plaintiff had put the defendant *in mora,* or that there existed valid reasons which excused the plaintiff from the necessity of putting the defendant in default, the objection urged was equally valid. There was no allegation in the petition to which proof of either fact would have been responsive.

Disregarding the evidence improperly received the case stands without proof of a putting in default, or of valid reasons dispensing with same, which are, under our law, indespensible prerequisites to sustain an action of this kind.

284

The judgment will therefore be reversed and plaintiff non-suited.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, reversed and set aside and plaintiff's suit dismissed as in case of non-suit. The costs of both Courts to be taxed against the plaintiff.

ESTOPINAL, J. Not having heard the argument takes no part.

April 20, 1906.

Rehearing refused May 14, 1906.