ATTORNEY GENERAL *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Suffolk.    January 21, 1909. — March 1, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Equity Pleading and Practice,* Decree, Appeal.    *Railroad.    Corporation.*

On an appeal from a formal decree entered upon the order of a single justice in
pursuance of a rescript from the full court, the only question open is whether
the decree conforms to the rescript.

A rescript sent out by the full court on May 8 of a certain year ordered a decree
for the Attorney General upon an information filed by him at the relation of the
commissioner of corporations under St. 1906, c. 372, § 1, against a railroad cor-
poration to enjoin it from assuming or exercising any franchise or privilege not
authorized by its charter or the laws of the Commonwealth, and alleging, among
other things, that without such authority the defendant held the stock and oper-
ated the roads and properties of certain street railway companies incorporated
under the laws of this Commonwealth.    On June 9 the defendant filed a motion
setting forth that it had "parted with whatever interest in or control of the
shares of the capital stock of any of the street railway corporations mentioned
in the information it may have had," except its interest in the shares of two
corporations named, and moved "that it be allowed to prove these facts upon
the hearing of any motion by the Attorney General for a final decree." This
motion of the defendant was denied, and on June 23 upon the order of a single
justice a decree was entered as of May 8, the date of the rescript, enjoining the
defendant, among other things, from holding the capital stock of the street rail-
way companies named in the information, whose names also were enumerated in
the decree, after the first day in July in that year.    The defendant appealed from
this decree.    *Held,* that the denial of the defendant's motion was a matter within
the discretion of the single justice who heard it ; that the decree applied to the
facts as they appeared of record on May 8, and that the defendant could show a
compliance with the decree as well by proving that it parted with all its interest
in the stock of the street railways before June 23, when the decree was entered,
as by proving that it parted with it afterwards.

A decree in equity always is to be construed in reference to the facts stated in the
bill and proved or admitted at the hearing, and has no relation to matters not
included in the litigation.

Upon an information in equity by the Attorney General at the relation of the com-
missioner of corporations, under St. 1906, c. 372, § 1, against a railroad corpo-
ration to enjoin it from assuming or exercising a franchise or privilege not
authorized by its charter or the laws of the Commonwealth, in violating the
prohibition contained in St. 1906, c. 463, Part II. § 57, that a railroad corpora-
tion, unless authorized by statute, "shall not directly or indirectly subscribe for,
take or hold the stock or bonds or guarantee the bonds or dividends of any
other corporation," if a final decree for the Attorney General follows the gen-
eral language of the statute, so that it may seem to include forms of prohibited

action which the defendant was not in a position to take in reference to stocks of certain corporations which it is forbidden to hold, this does not make the decree objectionable.

KNOWLTON, C. J.   This is an appeal from a formal decree entered by a single justice in pursuance of a rescript from the full court.   The decree is printed in connection with the former decision of this case in 198 Mass., at page 433.   The only question open on this appeal is whether the decree properly conforms to the rescript.   *Lincoln* v. *Eaton,* 132 Mass. 63, 69.   *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 162. *Humphrey* v. *Baker,* 103 U. S. 736.   *Sewall* v. *Sewall,* 130 Mass. 201.   *Attorney General* v. *Williams,* 140 Mass. 329, 336.

The rescript ordering a " decree for the informant " was sent on May 8, 1908.   On June 9 the defendant filed a motion setting forth that it had " parted with whatever interest in or control of any of the shares of the capital stock of any of the street railway corporations mentioned in the information it may have had," except its interest in the shares of two corporations named, and moved " that it be allowed to prove these facts upon the hearing of any motion by the Attorney General for a final decree." This was not in the form of a motion for leave to file a supplemental answer, and it set up no such specific facts as should be set up if a party wishes to open a case for a new trial by reason of new matters of defense which have arisen since the trial and decision of the issues previously raised.   Indeed, it does not state that the defendant ever had any interest in the stock in question, but refers only to " whatever interest or control . . . it may have had."   Such a motion was addressed to the discretion of the court, and the discretion was rightly exercised in denying it. The only relief asked for by the informant was an injunction compelling the defendant to comply with the statute by ceasing to hold or control, directly or indirectly, the stock referred to in the information.   The decree was entered as of May 8, the date of the rescript, and it applies to the facts as they then appeared of record.   If any question ever arises under it, compliance with the decree may be shown by the defendant as well by proving that it parted with all its interest in the stock before June 23, when the decree was actually entered, as by proving that it parted with it afterward.

A decree is always to be construed in reference to the facts stated in the bill and proved or admitted at the hearing. For its effect, it rests upon the averments of the bill, and it has no relation to matters not included in the litigation. The decree in this case is not an attempt to add to the force and effect of the statute a judicial order to restrain and guide the defendant in its future conduct, in regard to matters not made the subject of the Attorney General's information, but only to direct and control the defendant in regard to matters stated and complained of in the information. It recites the main facts found by the master and established before the court, which are only the matters stated in the information, and then it states the order of the court, in the form of a decree for an injunction which requires the defendant to cease to hold the stocks referred to, or any of them, on or before the first day of July, 1909. Construing the decree in reference to the matters stated in the information and recited in the decree, it is difficult to see how the defendant can be in doubt in regard to the meaning of the order, or its own duty in the premises. It was entirely immaterial to designate and describe the defendant more particularly in the decree, either by calling it a corporation existing under the laws of Massachusetts, or by calling it a corporation existing under the laws of Massachusetts, Connecticut and Rhode Island. We see no possibility of doubt on the part of the defendant in regard to the conditions that must come into existence to constitute a performance of its duty to cease to hold or control, either directly or indirectly, the stocks referred to in the information.

The fact that the general language of the statute was used in different clauses of the decree, and that it might seem to include forms of prohibited action which the defendant was not then in a position to take, in reference to these stocks, does not render the decree objectionable.

*Decree affirmed.*

*D. Malone,* (*F. B. Greenhalge* with him,) for the plaintiff.
*J. H. Benton, Jr.,* for the defendant.