## Louise D. McDonald *vs.* The Hartford Trust Company, Administrator.

First Judicial District, Hartford, January Term, 1916.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

Evidence that a husband, since deceased, took money inherited by his wife and invested and reinvested it in his own name, dealing with the property and its income as he pleased though not claiming to own it, and that he mingled it with his own funds for many years until his death, tends to prove an indebtedness for which his widow might have presented a claim against his estate had she seen fit to do so, and also tends to show that some part of the securities then in the administrator's hands was probably bought with her money; but such evidence does not tend to identify any particular security as having been so bought, nor to prove that all of them

were so purchased; and therefore is insufficient to support a judgment against the administrator for the alleged wrongful detention of all of the securities in its hands as the property of the widow.

Argued January 12th—decided March 15th, 1916.

ACTION to recover damages for the refusal of the defendant either to deliver property in its hands which was alleged to be owned by the plaintiff, or to pay to the plaintiff the value of such property, brought to and tried by the Superior Court in Hartford County, *Burpee, J.;* facts found and judgment rendered for the plaintiff for $30,000, and appeal by the defendant. *Error and new trial ordered.*

*E. Henry Hyde,* with whom was *John F. Forward,* for the appellant (defendant).

*John J. Dwyer,* with whom was *Jacob Schwolsky,* for the appellee (plaintiff).

BEACH, J. This is an action brought by the plaintiff against the administrator of her deceased husband to recover damages for the wrongful detention of certain securities held by the adminstrator as the estate of the husband, and claimed by the widow as her property.

Of the various assignments of error relied on, we find it necessary to consider only those which relate to the finding of the court that the specific securities enumerated in the complaint are the property of the plaintiff.

The evidence, which has been certified, consists of the testimony of the plaintiff and her corroborating witnesses, and giving to it the effect most favorable to the plaintiff's claim, we are unable to find in it any legal basis for the conclusion, necessary to the plaintiff's case, that the specific securities in question are her property.

The testimony shows that the plaintiff married James E. McDonald, the intestate, in Kentucky, in 1888. At that time she was already entitled to a share in her mother's estate, and some years after the marriage the proceeds of that share, amounting to something over $5,000, were paid to her by checks payable to her order. These checks she indorsed and turned over to her husband upon his agreement to invest and reinvest the same and the income thereof in her name and for her benefit. This he did not do, but invested the fund in his own name, and continued until his death to make investments and reinvestments in his own name, which he always referred to as his wife's property, and never claimed as his own.

A short time before McDonald's death the plaintiff discovered that the investments were carried in his name and not in her own, and was assured that the property was all hers and that he had made a will by which she would get it all when he died.

In the meantime these investments increased in value. About 1899 McDonald told the plaintiff that they yielded an income of about $1,000 a year; and some years afterward that they produced about $2,000 a year.

McDonald had entire charge and control of these investments, and rendered no account of them to the plaintiff. Sometimes she was consulted as to investments and sometimes not; and her testimony shows that she had no more than a vague notion of the character of the investments or of the income therefrom. She testified that McDonald treated that property as his own, invested it as he pleased, reinvested it as he pleased, and did as he pleased with the income until his death.

McDonald had no property when he was married, and has received none since then except his salary as

an insurance agent, which has been no more than sufficient to meet the living expenses of the family.

In 1912 McDonald died intestate. The defendant was appointed administrator, and as such took into its possession securities and cash valued at about $37,500. The plaintiff made no claim that the property belonged to her, or that the estate was indebted to her, and presented no claim to the administrator within the time limited for that purpose by the Court of Probate. The administrator paid out in due course of administration about $8,500, and had on hand securities and cash amounting to $28,890.80, when the plaintiff brought this suit in January, 1914, claiming that the balance of securities and cash in the administrator's hands was the property of the plaintiff, and was wrongfully detained from her by the administrator.

No attempt was made to identify any particular security now in the administrator's hands as having been purchased with the original fund entrusted to McDonald, or with the proceeds of that fund, or to produce any books of account kept by McDonald.

So far as we can see the plaintiff relies solely upon the evidence that McDonald had no property when married, and none since then except his salary, which has been no more than sufficient to pay the living expenses of the family; from which it is inferred that all living expenses must have been paid specifically out of salary, and all investments specifically made out of the plaintiff's money. The *non sequitur* is obvious, for there is no proof, nor presumption, that McDonald kept the two funds separate. On the contrary, the evidence suggests a commingling of funds, and a recognition by McDonald of the obligation to account.

Assuming that the original fund did not automatically become the property of the husband, under the

Kentucky law, the evidence clearly shows that the plaintiff was a creditor of her husband's estate, and might have been entitled to the proceeds of the entire balance of the estate, had she presented her claim in season. It also tends to show that some part of the securities now in the administrator's hands was probably bought with the plaintiff's money; but it does not tend to identify any particular security as having been so bought, and it does not tend to show that all of them were so bought.

It follows that the administrator cannot be made liable in this form of action, which proceeds on the theory that the plaintiff is entitled to the immediate possession of all of the securities now in its hands, on the ground that each and every one of them is ear marked as her property because shown to have been bought with her money.

This conclusion makes it unnecessary to pass upon the other assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.