INDUSTRIAL DISCOUNT CO., INC., v. SCHERER ET AL.

———

(December 16, 1929.  Opinion and Decree.)

———

Guy D'Antonio, of New Orleans, attorney for plaintiff, appellant.

Frymire & Ramos, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.  The plaintiff, alleging itself to be the holder in due course of a certain promissory note of the principal sum of $150, brought suit against the maker and indorsers thereof, of which latter there were several, and among them H. Eckelman, the appellee herein.  Eckelman in his answer denied signing the note as indorser and averred that his purported signature was a forgery.

On the trial of the case it was admitted that Eckelman's signature had been affixed to the note by the maker, but it was contended that the action of the maker in this respect was authorized by Eckelman, and that in any event Eckelman had subsequently ratified the action, whether authorized or not.

Defendant's counsel promptly objected to any evidence tending to prove authorization or ratification upon the ground that its effect would be to enlarge upon the pleadings and inject new issues, since the petition alleged that Eckelman had signed the note.  This objection was overruled by the trial court, and the evidence admitted.  Notwithstanding its admission, the court rendered judgment in favor of defendant, dismissing plaintiff's demand.

The view we take of the case precludes a consideration of the defenses unsuccessfully relied upon below, and again pressed here, because we are of opinion that the evidence, in support of these defenses was clearly inadmissible.  The sole issue before the court was the genuineness of Eckelman's signature to the note, the question of forgery vel non.

"Evidence, which does not correspond with the allegations of the party offering it, is inadmissible.  Thus, under a special allegation of one title, evidence of another can not be received.  (1832) Delogny v. Smith, 3 La. 418; (1845) Nicholls v. Creditors, 9 Rob. 476."  6 La. Dig. 113.

"Evidence cannot be received to prove a demand where it has not been alleged in the petition.  McMaster v. Brandon [Brander] 2 Rob. 498."  6 La. Dig. 113.

"Evidence which tends to change the issues raised by the pleadings should not be received over defendant's objection. Ruddock Orleans Cypress Co. v. DeLuppe, 123 La. 831, 40 So. 588." 6 La. Dig. 113.

"One cannot prove what he has not alleged, and under pleadings which are, in effect, a general denial, the controversy is reduced to proof or falsity of plaintiff's allegations. Wells v. St. Dozier [Dizier] 9 [La.] Ann. 119; Chase v. Gas Light Co., 45 [La.] Ann. 303 [12 So. 308]; Alaux v. Thompson, Teiss, Orleans App. Dig. 69." 8 La. Dig. 778.

For the reasons assigned, the judgment appealed from is affirmed.