FREDERIC C. BOCK *v.* MERIDEN TRUST AND SAFE DEPOSIT COMPANY, INDIVIDUALLY AND AS TRUSTEE AND ADMINISTRATOR (ESTATE OF KATE L. BOCK), ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 8—decided July 21, 1948

*Robert M. Luby,* with whom was *George A. Clark,* for the appellant (named defendant).

*Herman M. Levy,* with whom, on the brief, was *Sherman Rosenberg,* for the appellee (plaintiff).

MALTBIE, C. J.   In this action the plaintiff sued the named defendant individually and as administrator and trustee of the estate of Kate L. Bock to recover upon a judgment he had previously obtained against the defendant as administrator of the estate; a long series of pleadings followed; ultimately the court rendered judgment upon the pleadings against the named defendant in all three capacities and it has appealed. We shall consider only so much of the complicated record as is necessarily involved in the claims of error presented in the defendant's brief.

One of the assignments of error is that under the allegations of the complaint no judgment could be entered against the defendant in any other capacity than that of administrator of the estate.   The complaint merely alleged the former judgment and a demand made upon "the defendant."   That judgment ran solely against the defendant as administrator.   It awarded the plaintiff $2500 damages and provided that the estate "be impressed with a trust for the benefit of the plaintiff."   The judgment would not in itself impose any liability upon the defendant in its individual capacity; *Clarke's Appeal,* 70 Conn. 195, 209, 39 A. 155; *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 70, 26 A. 2d 234; *Joseph* v. *Donovan,* 116 Conn. 160, 166, 164 A. 498; and the complaint lacks any allegations which might make it individually liable.   There is no need to consider whether the pro-

vision in the judgment impressing the estate with a trust constituted the defendant a trustee who might be sued as such, for it would only be affected as regards the property of the estate in its hands. The trial court was in error in rendering judgment against the defendant in its individual capacity.

The defendant, in the capacities in which it was sued, filed an answer containing a special defense which alleged the following facts: The defendant as administrator, under order of the Probate Court, sold a half-interest the deceased had owned in certain real estate for the sum of $1500. The gross estate of the deceased, including the proceeds of the sale, amounted to $2237.28. The state, through its commissioner of welfare, presented a claim for reimbursement for old age assistance rendered the deceased amounting to $1547.57, and this claim was allowed by the administrator. The plaintiff presented a claim for $600, the balance of a mortgage on the real estate sold which had been paid by him in 1913, and for $550 for services and materials in repairing a house on it in 1931 and 1932, stating that the deceased had orally promised payment at her decease or on the sale of the real estate; this claim the administrator disallowed. It was the basis of the action in which the original judgment was rendered. The plaintiff "presented his claim on said judgment" to the administrator and it was allowed. The administrator filed its final account in the Probate Court; this stated as credits funeral expenses, probate fees, agent's commission on the sale of the property, services of the administrator and its attorney, miscellaneous administration expenses, and tax liens on the property; and, deducting these items, a balance remained in the estate amounting to $913.58, which was designated in the account for payment towards the claim of the state. The Probate Court allowed the ac-

count and adjudged that the claim of the state had preference over that of the plaintiff. The court acted under the provisions of § 4938 of the General Statutes, which permits the settlement of an insolvent estate without commissioners where its assets will not be more that sufficient to pay the expenses of the last sickness, the funeral, settling the estate and taxes and debts due the state and the United States. The plaintiff appealed from the decree of the Probate Court and the appeal is still pending. The Probate Court allowed the account on May 14, 1946. We add from the record that the original judgment was rendered on March 29, 1946, and that the action now before us was brought by writ dated May 21, 1946.

This defense the trial court on motion expunged as ineffective to defeat the claim of the plaintiff in this action. The underlying position of the defendant is that the judgment constituted no more than a determination that the plaintiff had a valid claim against the estate, a claim which was in the same position as regards the settlement of the estate as would be any claim against it which had been allowed, and hence administration expenses, taxes and the amount claimed by the state would take precedence over it. See General Statutes § 4937. No appeal was taken from the original judgment and it cannot be collaterally attacked in the present action. Whether or not the facts proven in the first action supported the provision in the judgment impressing the estate with a trust we cannot now inquire. In order, however, to determine the meaning and scope of that provision, we may properly resort to the record of the action, of which we may take judicial notice. *Attorney-General* v. *New York, N. H. & H. R. Co.*, 201 Mass. 370, 372, 87 N. E. 621; 1 Freeman, Judgments (5th Ed.) p. 134; 49 C. J. S. 870; see *Tolman* v. *McLay*, 114 Conn. 98,

101, 157 A. 647. The complaint in that action as amended sought recovery of the payment of $600 and of the $550 claimed for materials furnished and services rendered in shingling and painting a house on the premises, substantially upon the grounds alleged in the special defense. The memorandum of decision of the trial court stated that the deceased and the plaintiff, her son, believed that as a result of the payment of the balance of the mortgage he acquired an interest in the property released to the deceased by reason thereof which was in the nature of a mortgage and that the deceased became a trustee under an obligation to protect his rights; and it found that the property interest amounted to $600, with interest. The trial court went on to state that the materials and services might be regarded as increasing the plaintiff's beneficial interest or share as tenant in common and that it seemed equitable to add these sums to the trustee's obligation.

The trial court evidently added interest to the sums found due and, as this resulted in a total exceeding the jurisdiction of the court at that time, gave judgment for the maximum amount within its jurisdiction. Without in any way indorsing the conclusions of the trial court, it is plain that it meant by the provision impressing a trust upon the estate that it came into the hands of the administrator burdened with a charge to the plaintiff to the extent of recovery upon both grounds which, with interest added, made up the amount of the damages awarded. We cannot interpret the judgment otherwise than as meaning that the defendant as administrator held property which in equity belonged to the plaintiff and which was not properly a part of the estate. The obligation owing the plaintiff in this aspect of the case was not a claim upon the estate in the ordinary sense that word is used, nor is his right subject to any priorities established among such

claims in case of insolvency. *Bacon* v. *Bacon,* 51 Conn. 19; *American Surety Co. of New York* v. *McMullen,* 129 Conn. 575, 582, 30 A. 2d 564; see *McDonald* v. *Hartford Trust Co.,* 90 Conn. 231, 96 A. 939. The plaintiff might have proceeded in equity to compel the administrator to turn over to him so much of the estate as represented his interest in it. To such a claim the facts alleged would not be a defense.

The judgment had, however, another aspect, an award of damages based upon the obligation which had devolved upon the administrator to satisfy the claim of the plaintiff. The plaintiff had two remedies: He could present to the administrator a claim upon the estate based upon that obligation or he could seek a recovery of money in the hands of the administrator which was not properly a part of the estate but which belonged to him. *Fisk's Appeal,* 81 Conn. 433, 439, 71 A. 559. It does not appear on what basis damages were awarded in the present action nor are the terms and circumstances of the presentation of the judgment to the administrator stated in the pleading. They might have been such that they amounted to an election by the plaintiff to seek the former relief and estopped him from thereafter proceeding on the basis that property in the hands of the administrator really belonged to the plaintiff. *Gerber & Co.* v. *Wilson,* 114 Conn. 378, 381, 158 A. 803; *Manning* v. *State,* 123 Conn. 504, 514, 196 A. 777. Should such a situation be proven, the facts alleged would constitute a good defense to action. While the allegations of the pleading lack particularity in this regard, it could not properly be expunged if any facts provable under it would constitute a good defense. *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 649, 139 A. 106.

In any event, the extent to which the administrator

would be liable, in the absence of any facts other than those before us, could not exceed the amount of the property coming into its hands as administrator. *Olmsted* v. *Clark,* 30 Conn. 108, 109; *Flynn* v. *Morgan,* 55 Conn. 130, 140, 10 A. 466. The defense alleged that the gross estate, including the proceeds of the sale of the land, was less than the amount found to be due the plaintiff and, pro tanto, that was a good answer to the complaint. The defense should not therefore have been expunged. See *Folwell* v. *Howell,* 117 Conn. 565, 568, 169 A. 199. We have considered the sufficiency of the defense at length; our discussion makes it abundantly clear that substantial questions of law were raised by the motion; and we point out that such issues should not be determined upon a motion to expunge. *Rosenberg* v. *Slavin,* 122 Conn. 304, 306, 188 A. 272.

The defendant claims that this action had no standing in court because debt on judgment does not lie against an executor or administrator. In *Olmsted* v. *Clark,* supra, we suggested that such a suit would be needless, as the same remedies would be open under the first as under the second judgment. We did not hold and have never held that debt on judgment cannot be brought against an executor or administrator. If it could not, the reason would be that it would cause an unjustifiable harassment of the executor, and a plea in abatement might lie; *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn. 388, 393, 185 A. 82; or it may be that equity might in a proper case enjoin the prosecution of the second action. See *Wehrhane* v. *Peyton,* 134 Conn. 486, 494, 58 A. 2d 698. In the absence of any proper proceedings to prevent the second action from going to judgment, the defendant can take nothing by this assignment of error.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.