PHOEBE LEWIS ET ALS. *vs.* THOMAS J. SHANNON,
ADMINISTRATOR C. T. A. (ESTATE OF ANNA
J. E. ENO) ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 14th—decided July 10th, 1936.

*Charles M. Lyman,* for the appellants (plaintiffs).

*John Clark FitzGerald,* with whom, on the brief, were *David E. FitzGerald* and *David E. FitzGerald, Jr.,* for the appellee (defendant Frank C. Eno).

BANKS, J. Anna J. Eno died in 1932 leaving a husband, to whom she was married subsequent to April

20th, 1877, but leaving no children or representatives of children and no parent. She left a will in which provision was made for her husband, but he filed his election to take his statutory share of her estate in lieu of the provision made for him in the will, and such share was distributed to a trustee for him and is still held by such trustee for his benefit. A suit was brought for the construction of the will in which it was held that a portion of the property became, by reason of the death of a legatee before that of the testatrix, intestate estate. *Shannon* v. *Eno,* 120 Conn. 77, 179 Atl. 479. The Court of Probate thereafter ordered the intestate portion of the estate to be distributed to the husband. Certain of the next of kin appealed, claiming that the husband's election barred him of any further share of the estate.

The question involves the application of § 5156 of the General Statutes, the material provisions of which appear in the footnote. This statute determines the

---

"On the death of a husband or wife married on or after April 20, 1877, the survivor shall be entitled to the use for life of one-third in value of all the property, real and personal, legally or equitably owned by the other at the time of his or her death, after the payment of all debts and charges against the estate. . . . The right to such third shall not be defeated by any disposition of the property by will to other parties, but, if there be no will, the survivor shall take such third absolutely; and, if there be no children of the decedent or representatives of children, the survivor shall take all of the estate of the decedent absolutely to the extent of two thousand dollars and one-half absolutely of the remainder of such estate; and, if there be no children of the decedent or representatives of children and no parent, the survivor shall take all of the estate of the decedent absolutely. In case the husband shall have by will devised or bequeathed a portion of his property to his surviving wife, or in case the wife by will shall have devised or bequeathed a portion of her property to her surviving husband, such provision shall be taken to be in lieu of the share herein provided for, unless the contrary shall be expressly stated in the will or shall clearly appear therein; but, in any such case, the party shall have his or her election whether to accept the provision of such will or take such life use of

portion of the estate of a deceased husband or wife to which the surviving spouse is entitled in case there is no will. Under it the appellee (the husband) would, if his wife had made no will, have received the entire estate, since she left no children or representatives of children and no parent. It also determines the portion of the estate to which the surviving spouse shall be entitled even though there is a will—the right to which cannot be defeated by any disposition of the property by will to other parties. This portion is the life use of one-third of the entire estate. The survivor has the election to take this statutory share or the provision made in the will. The appellee elected to take this statutory share in lieu of the provision made for him in the will. He claims that, as the sole heir at law, there being no surviving children or parents, he is also entitled to take the portion of the estate which has been declared to be intestate.

Prior to 1877 a surviving husband was not an heir of his deceased wife, the life interest which he took in her real estate as tenant by curtesy having its origin, not in succession at death, but in the pre-existing marital status. *Hartford-Connecticut Trust Co.* v. *Lawrence*, 106 Conn. 178, 183, 138 Atl. 159. He is now the heir to his wife only because the statute makes him so, and his right to inherit her estate arises solely under the terms of the statute. These are clear and explicit. If there is no will and no surviving children or parent, he receives the entire estate. If there is a will he has his election, to take under the will or to

one-third, and such election shall be made in writing signed by the party entitled to make the same and lodged with the court of probate before which such estate is in settlement, within two months after the expiration of the time limited for the exhibition of claims against such estate; and, if not so made, such person shall be taken to have accepted the provisions of the will and shall be barred of such statutory share."

take the use for life of one-third of the estate. Here there was a will and the husband has elected to take his statutory share. Whence can he derive the right to receive anything further? It is suggested in the memorandum of the trial court that in such case he takes not only the life use of one-third of the estate, "but such other of the estate, under the statute directing distribution of intestate estates as such statute may apply to him." The only statute directing the distribution of intestate estates, as to the interest of a surviving husband or wife married since April 20th, 1877, is the statute here under discussion. That statute nowhere gives to a surviving husband any interest in the estate of his wife who has left a will beyond that of the life use of one-third of the estate. Under its terms that is the limit of the interest that he takes against the will.

Counsel for the appellee suggest that by necessary implication the statute gives to the surviving spouse, if an election is made, the right to share in the intestate estate in the same manner as if the decedent had died intestate as to the whole estate. They assume that some provision must be implied determining the rights of the parties in the case of partial intestacy. The language of the statute is too plain to require construction. It determines the rights of the surviving spouse under all circumstances. It determines the interest which the survivor takes when there is no will and it determines the interest which, if he so elects, he may take it if there is a will. That is the sum total of his right of inheritance. Except for the common-law tenancy by curtesy arising out of the marital status, in the absence of the statute a will might cut him off from any participation in the estate of his deceased wife. The only source of his right to any share in such estate is the statute which gives him, if

there is a will, the right to elect to take a life use in one-third of the estate and gives him nothing more even though the will does not dispose of the entire estate. The alternative to taking under the will is to take "such life use of one-third," referring, of course, to the life use of one-third of all the property given at the beginning of the statute. The interpretation contended for by the husband would give him the entire portion of the estate which has been declared intestate in addition to the life use of one-third of all the property, for which there is no warrant in the statute. It is also significant that upon a renunciation of the gift by will the husband is not given the share which he would have taken had the wife died intestate, which would vary according as there were children or representatives of children or not, but his right is limited to the life use of the one-third in value of all the property. Had the Legislature intended that he should have any further right than that definitely defined share it would undoubtedly have expressly so provided.

In *Stearns* v. *Stearns,* 103 Conn. 213, 130 Atl. 112, the testatrix left the residue of her "personal estate" to her husband, and it was held that her real estate, which constituted the bulk of her property, was intestate estate. The husband made no election. We held that the terms of the statute were explicit, that the facts of record brought the case exactly within them, and that the husband, having accepted the provisions of the will, was barred of his statutory share. Here, likewise, we have a case of partial intestacy, the facts of record bring it exactly within the statute and, by a parity of reasoning, require a holding that the husband receive precisely what the statute provides that he shall receive upon such a state of facts.

As suggested in the memorandum of decision of the

trial court, we may not expect much assistance from the decisions in other jurisdictions which construe the varying provisions of the particular statutes involved. In the following cases it was held that a surviving spouse, having elected to take a statutory share instead of a provision under the will, could not, in addition, take under statutes of descent which applied only to intestate estates. *Boynton* v. *Boynton,* 266 Mass. 454, 165 N. E. 489; *Leighton* v. *Leighton,* 193 Iowa, 1299, 188 N. W. 922; *In re Estate of Noble,* 194 Iowa, 733, 190 N. W. 511; *Fife* v. *Fife,* 320 Ill. 270, 150 N. E. 630.

There is error and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.