DAISY DELVECCHIO *v.* DANIEL DELVECCHIO ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued January 6—decided February 5, 1959

*Millard Kaufman,* with whom, on the brief, was *Paul V. McNamara,* for the appellant (plaintiff).

*Joseph Weiner,* for the appellees (defendants).

KING, J.  By writ and complaint served on January 23, 1958, the plaintiff instituted an action against Daniel DelVecchio individually and as executor of the will of Lorenzo DelVecchio.  In broad outline, the complaint alleged that the plaintiff was Lorenzo's widow and sole heir at law; that on June 1, 1953, Lorenzo signed a purported will naming Daniel as executor; that on April 1, 1957, shortly after Lorenzo's death, the plaintiff, in ignorance of the contents of the will and under the belief that she was the sole beneficiary thereof, executed an application for its admission to probate; that on April 4, 1957, the will was admitted to probate and Daniel qualified as

executor; that the plaintiff did not consult counsel nor ascertain that she was not the sole beneficiary until after the expiration of the time allowed for taking an appeal from the admission of the will to probate; and that thereafter she first discovered that the will was the product of undue influence exerted on Lorenzo by Daniel. The complaint obviously sought to invoke the rule of law laid down in *Folwell* v. *Howell,* 117 Conn. 565, 169 A. 199, although it may be noted that it is not clearly alleged that the plaintiff's lack of knowledge of the contents of the will, her execution of the application for the admission of the will to probate, or her failure to appeal within the time limited by law was the result of any misrepresentations on the part of Daniel or anyone else.

The answer consisted of what amounted to a general denial of the material allegations of the complaint and a special defense which alone is the real subject matter of this appeal. The gist of the allegations of the special defense was that on November 25, 1957, the plaintiff, in accordance with the provisions of what is now § 46-12 of the 1958 Revision,[1] elected "not to accept the provision offered . . . [her] by . . . [her] husband's will, but rather to take a life use of one-third in value of all the property, real and personal, in accordance with . . . [her] statutory right." The plaintiff filed a reply, admitting all of the allegations of the special defense. The reply contained no allegations in confession and avoidance, such, for instance, as a claim that the filing of the

[1] The provisions of the statute material to this case are quoted in *Lewis* v. *Shannon,* 121 Conn. 594, 595 n., 186 A. 540. While the statute has undergone slight changes in wording in the course of amendments made to other portions of it, the quotation referred to adequately sets forth the statutory provisions governing this case.

election was the result of misrepresentations made to the plaintiff or fraud practiced upon her, or that at the time she filed the election she was unaware of the facts involved in her allegations of undue influence. Practice Book § 109; Rev. 1958, § 52-94. Thereafter, Daniel filed a motion for judgment on the pleadings on the ground that the admitted allegations of the special defense required judgment for the defendants as matter of law. Subsequently, after a hearing on the motion, the court decided that the special defense did constitute a good defense to the action and entered judgment for the defendants. From that judgment this appeal is taken.

In her appeal, the plaintiff makes two main claims. The first is that the court had no power to render judgment on the pleadings even if the special defense was sufficient to defeat her cause of action. The second is that the facts alleged in the special defense, even though true, did not constitute a good defense to the cause of action alleged in the complaint.

The first claim is without merit. The plaintiff's admissions, in her reply, of the allegations of the special defense were judicial admissions and conclusive upon her. *Bridgeport* v. *Stratford,* 142 Conn. 634, 646, 116 A.2d 508. Therefore the only question left with respect to the special defense was the determination whether the facts alleged in it and admitted by the reply were a complete bar to the maintenance of any cause of action provable under the allegations of the complaint as construed most favorably to the plaintiff. If they were, then there would be no occasion for any further proceedings other than the entry of judgment for the defendants. It is true that had the plaintiff chosen to demur to the special defense and the demurrer had been overruled, she would have had a right to plead over un-

der § 52-95 of the 1958 Revision. *State* v. *Sul,* 146 Conn. 78, 80, 147 A.2d 686. She chose not to pursue this course and as far as appears made no effort to amend her reply prior to the hearing on the motion for judgment. Moreover, her procedural choice was a sound one, since after all, if the allegations of the special defense were true and the defense itself was legally effective, she had no case, and by appealing from the judgment she has adequately brought up for review the question of the legal sufficiency of the special defense. There was no procedural error in the entry of judgment on the pleadings.

We turn now to the plaintiff's second ground of appeal. By her election, she chose to take "a life use of one-third in value of all the property" of her husband in lieu of whatever property she would have received under his will. Liberally construed, it is her claim that if this present proceeding in equity is successful it will result in the will's being rendered a nullity for all practical purposes; that in that event there would be no provision under a will for her or anyone else, since there would be no will; and that consequently the portion of the statute as to an election between a provision under a will and the life use of one-third of the decedent's estate would not be involved and she would receive the portion of the estate to which she would be entitled if there was no will, that is, in this case, the entire estate. In other words, it is her claim that her election was between the life use of one-third of the property in the estate and what she took under the will, not between such life use and what she would receive if she succeeded in rendering the estate intestate.

In this case the will has been admitted to probate. Since the time in which to appeal from probate has

expired, the sole method of avoiding the effect of the decree admitting the will to probate is through the successful prosecution of this equitable proceeding. *Folwell* v. *Howell,* 117 Conn. 565, 169 A. 199. It is true that even then the judgment admitting the will to probate would not be set aside. A decree of a Probate Court can be set aside only upon appeal to the Superior Court, and here, as pointed out, such an appeal is impossible. The instant case constitutes a direct, as distinguished from a collateral, attack on the probate judgment and therefore does not fall within the prohibition of § 45-9 of the 1958 Revision. *Miller* v. *McNamara,* 135 Conn. 489, 496, 66 A.2d 359. Equity has, in general, the same power to grant relief against probate judgments as against ordinary judgments. Such relief can be granted only if the court of equity concludes that the probate decree attacked is, or at least should be treated as, void because of fraud, mistake or a like equitable ground. Id., 495.

It is unnecessary, in the view which we take of the case, to consider whether the plaintiff's claim would be either sound or logical as applied to the situation which would develop if this equitable proceeding and the probate proceedings which might ensue as a result should be successful in invalidating only certain parts of the will as the product of undue influence. The judgment on the pleadings was rendered solely on the ground that the special defense constituted a good defense to the entire equitable cause of action. Therefore we assume, without deciding, that the complaint adequately set forth an equitable cause of action which would, if proven, entitle the plaintiff to a decree in equity preventing the use of the judgment of the Probate Court in any further proceedings, that is, a decree which in effect

would render the entire will invalid as the product of undue influence. *Folwell* v. *Howell,* supra; *Miller* v. *McNamara,* supra.

Decisions such as *Stearns* v. *Stearns,* 103 Conn. 213, 225, 130 A. 112, and *Lewis* v. *Shannon,* 121 Conn. 594, 597, 186 A. 540, are not controlling, since each involved a situation where there was a partial intestacy arising from a construction of the will which determined that it failed effectually to dispose of certain property. Neither case involved total or partial intestacy arising from the invalidity of a will as a testamentary instrument. The motion for judgment on the pleadings was based on the erroneous theory that the plaintiff's filing of the election barred her from obtaining any other share of the estate, whether it was testate or intestate. The filing of the election would certainly not have this result if the plaintiff succeeded in proving the equitable cause of action which we have assumed the complaint states, for in that event there would be no valid will. The defendants and the trial court, as disclosed in its memorandum of decision, misconceived the effect of *Stearns* v. *Stearns,* supra, and *Lewis* v. *Shannon,* supra.

It remains to determine if the judgment on the pleadings can be supported on any other theory as to the efficacy of the special defense. That defense did not state that the plaintiff filed the election with knowledge on her part of the facts subsequently alleged in the present complaint with respect to the invalidity of the will. The defense was therefore inadequate as a pleading of waiver, since waiver is the voluntary relinquishment of a known right. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 475, 196 A. 344; *Hackett* v. *Roosevelt School, Inc.,* 145 Conn. 119, 123, 139 A.2d 608. Nor did the special

defense contain allegations sufficient to constitute an estoppel since, inter alia, there is nothing to indicate that the defendants in any way changed their position to their injury or prejudice as a result of the action of the plaintiff in filing her election. *Tradesmens National Bank* v. *Minor,* 122 Conn. 419, 424, 190 A. 270. It is true, of course, that estoppel, as distinguished from waiver, need not be specially pleaded. *Fields* v. *Metropolitan Life Ins. Co.,* 132 Conn. 588, 592, 46 A.2d 127; *Reardon* v. *Mutual Life Ins. Co.,* 138 Conn. 510, 519, 86 A.2d 570. But the mere fact that on a trial the defendants might, under the present pleadings, prove facts constituting an effective estoppel is of no avail in the determination of the propriety of entering a judgment on the pleadings. Only if the allegations of the special defense, as admitted in the reply, would themselves constitute an effective defense to the entire cause of action would the court be warranted in entering judgment for the defendants on the pleadings.

The claim that the filing of the election could be considered as an election by the plaintiff between inconsistent remedies—that is, between the remedy, if there was a valid will, of choosing the use for life of one-third of the entire estate and the remedy, if there was no valid will, of taking the entire estate as intestate property—must fail. In the first place, this was probably an election between inconsistent rights rather than between inconsistent remedies. In the second place, even if we assume that the election could be treated as between inconsistent remedies, the defense has at least one fatal shortcoming. It does not allege that on the date of the filing of the election the plaintiff had knowledge of the facts now claimed by her with respect to the invalidity of the will. A "choice between two remedies in ignorance

of the true facts does not constitute an election" of remedies within the meaning of the rule. *National Transportation Co.* v. *Toquet*, supra, 480. The election would of course be admissible in a trial of this action on the merits as an admission by the plaintiff inconsistent with the truth of her claim that there is no valid will. *Johnson* v. *Rockaway Bus Corporation*, 145 Conn. 204, 209, 140 A.2d 708. She would, however, be privileged to explain the admission if in fact it was susceptible of any explanation favorable to her. *State* v. *DelVecchio*, 145 Conn. 549, 553, 145 A.2d 199. An admission involves, not a question of pleading, but a question of evidence. It has to do with the factual strength of the plaintiff's action. It has nothing to do with the legal efficacy of the special defense, with which alone we are now concerned.

There remains the question of an election between inconsistent rights, as distinguished from an election between inconsistent remedies. See *National Transportation Co.* v. *Toquet*, supra, 479. "Election means the making of an act of choice between two or more courses of conduct and implies that the act was done under such circumstances that the choice is binding." *Manning* v. *State*, 123 Conn. 504, 515, 196 A. 777. Circumstances such "that the choice is binding" are less frequently encountered under modern procedural rules than under the rigorous logic of the common law. *Abbadessa* v. *Puglisi*, 101 Conn. 1, 6, 124 A. 838. Here it does not appear that the plaintiff has ever accepted the life use of one-third of the decedent's estate or any part of such share as a result of the filing of the election. Thus it is not binding on her under the acceptance of benefits theory of cases such as *Crompton* v. *Beach*, 62 Conn. 25, 32, 25 A. 446; *Abbadessa* v. *Puglisi*, supra, 5, and *Manning*

v. *State,* supra, 514. Elements of an estoppel might also constitute circumstances making an election of inconsistent rights a binding election. *Abbadessa* v. *Puglisi,* supra, 6; *Bock* v. *Meriden Trust & Safe Deposit Co.,* 135 Conn. 94, 100, 60 A.2d 918. But for the reasons already pointed out, no facts constituting an estoppel can be gleaned from the special defense, to which alone we may look.

Since the facts admitted by the reply to the special defense would not necessarily be fatal to the entire cause of action provable under the allegations of the complaint construed most favorably to the plaintiff, the court should not have rendered judgment on the pleadings.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.