[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On July 3, 1991, the plaintiff, American Business Products Co., Inc. (ABP), filed an amended eight count complaint against the defendant, Ken Hankinson (Hankinson). On May 20, 1991, the court, McWeeny, J., granted the defendant's motion to strike the fourth and seventh counts of the plaintiff's complaint. Presently, ABP seeks to recover damages for, inter alia, breach of fiduciary duty, misappropriation of a corporate opportunity, intentional interference with business relations and unfair trade practices by the defendant, Hankinson, a former officer and CT Page 6029 employee of ABP, who is now doing business as Pharm Art.
On August 27, 1992, Hankinson filed an answer, three special defenses and a two count counterclaim. Hankinson filed revised special defenses and counterclaims on February 12, 1993. On February 25, 1993, ABP filed a motion to strike the defendant's first and second special defenses and the second count of the counterclaim. As required by Practice Book section 155, both parties filed memoranda of law in support of their respective positions.
DISCUSSION
A motion to strike challenges the legal sufficiency of any counterclaim or special defense. Practice Book section 152(1); Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(Super.Ct. 1983, Pickett, J.). A motion to strike admits all well pleaded facts; Mingachos v. CBS, Inc., 195 Conn. 91,108, 491 A.2d 368 (1985); which are then construed in the manner most favorable to the pleader. Blancato v. Feldspar,203 Conn. 34, 36, 522 A.2d 1235 (1987).
1. Special Defenses
In the first special defense, Hankinson asserts that because ABP authorized him to seek new employment, the company should be estopped from pursuing this action. In the second special defense, Hankinson asserts that by authorizing him to seek new employment, ABP waived any duty that he may have owed to the company.
ABP argues that the defendant's first and second special defenses are insufficient because Hankinson failed to allege sufficient facts to support each defense and are legally insufficient under Practice Book section 164. In response, Hankinson argues that both special defenses are sufficient under Practice Book section 164 because each, if proven, would independently destroy any liability to the plaintiff.
The essential elements of estoppel are that "the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Citations omitted). CT Page 6030 Hanover Insurance Co. v. Fireman's Fund Insurance Co.,217 Conn. 340, 350, 586 A.2d 567 (1991; Bozzi v. Bozzi, 177 Conn. 232,242, 413 A.2d 834 (1979). Estoppel need not be pleaded as a special defense. DelVecchio v. DelVecchio, 146 Conn. 188,195, 148 A.2d 554 (1969). Because Hankinson failed to allege that ABP did or said something to induce him to believe that he was authorized to breach his fiduciary duties, misappropriate a corporate opportunity or interfere with ABP's business relations, the court finds that the defendant's first special defense is legally insufficient.
"Waiver is the intentional relinquishment of a known right;" Hanover Insurance Co. v. Fireman's Fund Insurance Co., supra, 351; and must be pleaded as a special defense. DelVecchio v. DelVecchio, supra, 195. Because Hankinson fails to allege that ABP intentionally relinquished its rights not to have Hankinson breach his fiduciary duties, misappropriate a corporate opportunity or interfere with ABP's business relations, the defendant's second special defense is likewise legally insufficient.
Further, Practice Book section 164 provides, in part, that "[f]acts which are consistent with [plaintiff's statements of fact] but show, notwithstanding, that he has no cause of action must be specially alleged. In the present case, the allegation that ABP authorized Hankinson to seek new employment does not show that the plaintiff has no cause of action against the defendant. Thus, the defendant's first and second special defenses are legally insufficient under Practice Book section 164.
Accordingly, the plaintiff's motion to strike the defendant's first and second special defenses is granted.
2. Count Two of the Defendant's Counterclaim
In the second count of his counterclaim, Hankinson alleges that he entered into a written agreement with ABP whereby the company agreed to forego any claims it may have had against him. In return, Hankinson agreed to certain demands relative to the business relationship between ABP and Pharm Art. Hankinson alleges that he relied on said agreement and incurred damages after ABP initiated the present suit. Hankinson further alleges that ABP's actions constitute a violation of the Connecticut Unfair Trade CT Page 6031 Practice Act (CUTPA), General Statutes section 42-110a et seq.
ABP argues that the second count of the counterclaim is legally insufficient because Hankinson failed to allege sufficient facts to state a CUTPA cause of action. In turn, Hankinson argues that the allegations contained in count two of his counterclaim are sufficient to state a CUTPA claim.
In determining whether a practice violates CUTPA, the following criteria are used:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]."
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,254, 550 A.2d 1061 (1988). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one criteria or because to a lesser extent it meets all three. Thus, a violation of CUTPA may be established by showing an actual or deceptive practice." (Citations omitted.) Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 105, 612 A.2d 1130 (1992). With respect to the third criteria, a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury. McLaughlin Ford, Inc., v. Ford Motor Co., 192 Conn. 558,566-67, 473 A.2d 1185 (1985).
The court finds that ABP's alleged breach of the agreement may be considered deceptive or unscrupulous in that ABP may have induced Hankinson to maintain the business relationship between itself and Pharm Art with no intention of foregoing possible claims against Hankinson. The court also finds that the alleged breach of the agreement may have caused substantial injury to other businessmen. This is so because Hankinson allegedly agreed not to do business with CT Page 6032 competitors of ABP and, in the absence of said agreement, may have entered into mutually beneficial business relations with those competitors.
Accordingly, the plaintiff's motion to strike the second count of the defendant's counterclaim is denied.
BY THE COURT,
William M. Shaughnessy, Judge, Superior Court