[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Louis Fierman, a psychiatrist, appeals a CT Page 4922 decision of the defendant, the Connecticut medical examining board, finding that the plaintiff improperly disclosed confidential mental health information in violation of General Statutes § 52-146e. The dispositive issue presented by this appeal is whether General Statutes § 20-13e, which provides that the records of a department of health investigation of a physician will become public documents within the meaning of the Freedom of Information Act, overrides the psychiatrist-patient privilege of General Statutes § 52-146e
(a). The court concludes that it does not and, therefore, finds no error in the board's decision. The plaintiff's appeal is dismissed.
I. PROCEDURAL BACKGROUND.
The pleadings disclose the following undisputed facts. In May of 1988, a former patient of Fierman's filed a petition with the Connecticut department of health services requesting that the department investigate Fierman's conduct in his treatment of her. The department was represented by attorney Judith Lederer. During the course of this investigation, the department required Fierman to provide a written response to the allegations contained in the petition and to provide the petitioner's medical records. This investigation ultimately led to the issuance of a statement of charges that was presented to the Connecticut medical examining board on November 13, 1989.
On January 24, 1990, Fierman filed a grievance against Lederer with the Connecticut statewide grievance committee based upon her conduct toward him during the investigation. Included with Fierman's complaint to the grievance committee was a copy of the petitioner's May 1988 complaint, along with his response, including information concerning his assessment and psychiatric treatment of the petitioner. Based on the release of these documents, the petitioner filed a new complaint against Fierman with the department alleging that Fierman violated her right to confidentiality as protected by General Statutes § 52-146e.[1] On June 27, 1990, after concluding that Fierman violated General Statutes § 20-13c(4)[2] and 52-146e(a), the department issued a second statement of charges to the medical examining board. On February 15, 1994, after a hearing, the board issued its final decision finding that Fierman had improperly disclosed confidential mental health information in violation of General CT Page 4923 Statutes § 52-146e and imposed a civil penalty of $250. It is this decision from which the plaintiff appeals.
II. ARGUMENTS.
The plaintiff contends that the board erred in finding that he violated General Statutes § 52-146e because the documents he provided to the grievance committee were public documents within the meaning of the Freedom of Information Act, General Statutes 1-19 et seq. The plaintiff contends that the hearing before the department was public by virtue of General Statutes § 20-13e, which provides, in relevant part, that the department's "investigation shall be concluded not later than eighteen months from the date the petition is filed with the department and, unless otherwise specified by this subsection, the record of such investigation shall be deemed a public record, in accordance with section 1-19. . . . " That section further provides that "[i]f the department determines that probable cause exists to issue a statement of charges, the entire record of such proceeding shall be public. . . ." General Statutes § 20-13e. The plaintiff contends that the plain language of the statute is unambiguous and leaves no room for the board's contrary interpretation. The plaintiff maintains that, because "the entire record of the proceeding" is public, the board erred in finding that he improperly disclosed the record to the grievance committee.
The plaintiff also argues that the board erred in concluding that even if the documents released by Fierman were public by virtue of General Statutes § 20-13e, they were nonetheless exempt from disclosure as "personnel or medical" files pursuant to General Statutes § 1-19(b)(2). The plaintiff asserts that the board failed to provide any reason why those records were exempt from disclosure. The plaintiff contends that the burden of proving the application of an exception to a statute providing access to public records rests on the agency claiming it. The plaintiff asserts that, because the board failed to provide any rationale for its conclusion that the records were exempt from disclosure, it failed to meet its burden of proof, and its decision should be overturned.
Finally, the plaintiff argues that the board erred in concluding that the petitioner had a right to confidentiality pursuant to General Statutes § 52-146e because the petitioner CT Page 4924 waived that right when she filed a complaint that she knew would become a public record. The plaintiff claims that a patient may assert a privilege of confidentiality only if there is a justified expectation that her communication would not be publicly disclosed. The plaintiff contends that General Statutes § 20-13e puts the petitioner on notice that filing a petition will operate to make information public which may otherwise have been protected under General Statutes § 52-146e. The plaintiff therefore concludes that the filing of a petition with the department operates as a waiver of the right to confidentiality with regard to information contained in documents made public under General Statutes § 20-13e.
The board, on the other hand, argues that it correctly determined that Fierman violated General Statutes § 52-146e. The board first contends that the language of General Statutes § 52-146e clearly and unambiguously prohibits a physician from disclosing such documents. The board maintains that Fierman's reliance on General Statutes § 20-13e is misplaced. The board asserts that the provisions for public disclosure and confidentiality in General Statutes § 20-13e were promulgated to protect the physician from the public disclosure of frivolous complaints, and to allow the department to investigate the merits of these claims in confidence. The board further maintains that the record of the investigation becomes public only after the department has found evidence sufficient to file a statement of charges against the physician. The board argues that the patient's right to confidentiality remains unaffected by General Statutes § 20-13e, and that any contrary interpretation would have a chilling effect on a patient's right to seek redress.
Finally, the board takes the position that the portion of General Statutes § 20-13e which states that "the record of such investigation shall be deemed a public record, in accordance with section 1-19," does not result in the unconditional right to make any medical record public. The board maintains that General Statutes § 1-19 also exempts medical files from disclosure. Accordingly, the board concludes that neither General Statutes § 1-19 nor § 20-13e
authorizes the disclosure of documents otherwise confidential under General Statutes § 52-146e.
III. STANDARD OF REVIEW. CT Page 4925
"Preliminarily, we note that the usual scope of a court's review of administrative action is quite limited." Starr v.Commissioner of Environmental Protection, 226 Conn. 358, 371,627 A.2d 1296 (1993). The reviewing court may reverse or modify an administrative decision only when:
 substantial rights of the . . . [appellant] have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
General Statutes 4-183(j); Starr v. Commissioner ofEnvironmental Protection, supra, 226 Conn. 371. Although the construction and interpretation of a statute is a question of law for the courts to decide; Lieberman v. State Board ofLabor Relations, 216 Conn. 253, 263, 579 A.2d 505 (1990); "it is the well established practice of this court to `accord great deference to the construction given [a] statute by the agency charged with its enforcement.'" (Citations omitted.)Starr v. Commissioner of Environmental Protection, supra,226 Conn. 372; Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199 (1986), appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819
(1986).
IV. DISCUSSION.
The court finds that General Statutes § 20-13e does not exempt Fierman from compliance with General Statutes § 52-146e. "The people of this state enjoy a broad privilege in the confidentiality of their psychiatric communications and records, including those pertaining to their diagnosis, prognosis or treatment for alcohol [or drug] abuse or alcoholism." State v. Grant, 33 Conn. App. 647, 654,637 A.2d 1116 (1994); General Statutes § 52-146e. The court further concludes that General Statutes § 20-13e is not in conflict with General Statutes § 52-146e. "Because the legislature is CT Page 4926 always presumed to have created a harmonious and consistent body of law, the proper construction of any statute must take into account the mandates of related statutes governing the same general subject matter." Pollio v. Planning Commission,232 Conn. 44, 53, ___ A.2d ___ (1995), citing Dart Bogue Co.v. Slosberg, 202 Conn. 566, 575, 522 A.2d 763 (1987).
General Statutes § 52-146e provides that:
 All communications and records as defined in section 52-146d shall be confidential and shall be subject to the provisions of sections 52-146d to 52-146j, inclusive. Except as provided in sections 52-146f to 52-146i, inclusive, no person may disclose or transmit any communications and records or the substance or any part or any resume thereof which identify a patient to any person, corporation or governmental agency without the consent of the patient or his authorized representative.
General Statutes § 52-146d(2) defines these protected records as any information "relating to the diagnosis or treatment of the patient's mental condition . . ." General Statutes §52-146d(4) defines records that might identify a patient as containing "names or other descriptive data from which a person acquainted with the patient might reasonably recognize the patient as the person referred to."
This unambiguous statutory language evinces a clear legislative intent to protect the patient's confidentiality. General Statutes § 20-13e makes the department's investigation a public record pursuant to General Statutes § 1-19. However, General Statutes § 1-19(b)(2) provides, in relevant part, that the freedom of information laws do not require the disclosure of "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy."[3]
"[I]n construing two statutes, the clear language of a narrowly tailored provision is not to be superseded by the broad, general provisions of another statute." Lieb v.Department of Health Services, 14 Conn. App. 552, 559,542 A.2d 741 (1988); Atwood v. Regional School Dist. No. 15,169 Conn. 613, 622, 363 A.2d 1038 (1975). Read together, General Statutes §§ 20-13e and 1-19 are entirely consistent with the CT Page 4927 broad privilege of confidentiality expressed in General Statutes § 52-146e. The court believes that there is no conflict between the broad provisions of General Statutes § 20-13e, making the record of the department's investigation public, and General Statutes § 52-146e, prohibiting any disclosure of a patient's personal medical records. Accordingly, the court concludes that the information the board found exempt from disclosure under General Statutes § 52-146e is also exempt from disclosure under § 1-19.
The court further finds that the petitioner has not waived any right to confidentiality by filing a complaint with the department of health services. "[W]aiver is the voluntary relinquishment of a known right." DelVecchio v. DelVecchio,146 Conn. 188, 194, 148 A.2d 554 (1959).
 `Consent' is expressly required by subsection (a) of 52-146e for disclosure of psychiatric communications or records and is defined in 52-146d
(3) to mean `consent given in writing by the patient or his authorized representative.' Subsection (b) of 52-146e requires that `[a]ny consent given to waive confidentiality shall specify to what person or what agency the information is to be disclosed and to what use it will be put.'
State v. Pierson, 201 Conn. 211, 223, 514 A.2d 724 (1986). These statutory provisions preclude the implied waiver that the defendant contends arose from the petitioner's filing a complaint with the department. Id. Furthermore, the court concludes that the general language providing that the records of the department's investigation into the physician's conduct would become public records does not put the patient on notice that confidential records would be disclosed.
V. CONCLUSION.
For all the foregoing reasons, the court determines that the legislature did not intend that the psychiatrist-patient privilege be nullified by General Statutes § 20-13 and, therefore, finds no error in the board's decision. The plaintiff's appeal is dismissed.
By the Court, CT Page 4928
Peter Emmett Wiese, J.