[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 117
On January 3, 1995, the plaintiff, American States Insurance Corporation ("American"), filed this declaratory judgment action against the defendants, Vincent Peci, Theresa Peci, Damian LeFebvre and Steven Achilles, to determine American's obligations to defend and indemnify LeFebvre under a homeowners' insurance policy that it issued to the Pecis in an action entitled Achillesv. LeFebvre, Docket No. 31 35 26.
On January 8, 1993, LeFebvre was a resident of the Peci household and an insured under the American policy when, through his negligence and/or reckless and intentional acts, he allegedly struck Achilles with a hockey stick. As a result of the attack, Achilles suffered personal injuries. American filed this declaratory judgment action requesting the court to declare that it has no obligation under an exclusion in the policy of insurance with the Pecis to defend or indemnify for intentional or purposeful acts on the part of LeFebvre.
On March 6, 1995, Achilles filed an answer generally denying American's allegations, special defenses and a counterclaim against American. The first special defense alleges that "[t]he plaintiff breached the contract of insurance by failing to timely provide a defense to Damian LeFebvre in the case of" Achilles v.LeFebvre. The second special defense alleges that "[t]he plaintiff waived it's policy defenses, including the exclusion referred to in paragraph 11 of the complaint by failing to timely provide a defense to Damian LeFebvre in the Achilles v. LeFebvre
case. . . ."
The counterclaim requests a declaratory judgment that American is required to defend and indemnify LeFebvre in theAchilles v. LeFebvre matter. Achilles alleges that American failed and refused to defend LeFebvre, failed to provide a timely defense to LeFebvre, failed to "file pleadings and discovery in such lawsuit, failed to conduct any depositions, failed to protect the interest of its insured at its insured deposition and failed to respond to an offer of judgment and only recently has caused counsel to enter an appearance in such case." As a result, Achilles moves the court to declare that American must defend theAchilles v. LeFebvre suit, that it must pay any judgment CT Page 8310 recovered by Achilles against LeFebvre, that it has waived any exclusions under the policy, that it is estopped from asserting any exclusions under the policy and that American must pay the costs of defending the action.
On March 23, 1995, American filed this motion to strike Achilles' special defenses and counterclaim. The ground stated in the motion is "that Steven Achilles is not a party to the contract of insurance issued by American . . . to the defendants . . . and therefore Achilles may not bring a counterclaim against American . . . nor can he seek to enforce provisions of the contract of insurance by special defense."
In support of its ground for the motion, American argues that since Achilles was not a party to the insurance contract between American and the Pecis, nor an intended beneficiary thereof, he cannot bring an action to enforce the contract. American also argues that the only action that Achilles may maintain against it is pursuant to General Statutes, Sec. 38a-321, and the action can only be commenced subsequent to judgment. Lastly, American argues that it did not fail to provide a defense to LeFebvre.
On April 10, 1995, Achilles filed a memorandum in opposition to the motion to strike arguing that Achilles, "as a defendant, has every right to raise coverage issues himself in a declaratory judgment case." Further, he argues that American has converted its motion to strike into an improper speaking motion to strike by asserting that it did, in fact, provide a timely defense to LeFebvre.
"A motion to strike challenges the legal sufficiency of a pleading"; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); including any special defense contained in an answer or a counterclaim. Practice Book, Sec. 152(5); ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). In ruling on motion to strike, the court has an obligation to take the facts to be those alleged in the counterclaim and special defenses and to construe the allegations in the manner most favorable to sustaining their legal sufficiency. Id.
In ruling on a motion to strike, the court may not look outside the pleadings; Liljedahl Brothers, Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990); and "is limited to the facts alleged in the defendants'. . . special defense [and CT Page 8311 counterclaim] and cannot be aided by the assumption of any facts not alleged in that special defense for the counterclaim]." FirstFederal Bank of Connecticut v. Zavatsky, 9 CSCR 420 (March 15, 1994) (Moraghan, J.).
Declaratory judgments are governed by General Statutes, Sec.52-29 and Practice Book, Secs. 389-394. Section 389 provides, in pertinent part, that the court will "render declaratory judgments as to the existence or nonexistence of (a) any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in future."
Further, section 390(a) recites that the court will not render a declaratory judgment "unless . . . [the parties have] an interest, legal or equitable, by reason of danger of loss or of uncertainty as to . . . [their] rights or other jural relations. . . ." See Munhall v. Inland Wetlands Commission,221 Conn. 46, 54, 602 A.2d 566 (1992). Section 390(b) further provides that declaratory judgments are appropriate where "there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties. . . ." See id.
A declaratory judgment action is remedial in nature and is to be liberally construed; Horton v. Meskill, 172 Conn. 615, 627,376 A.2d 359 (1977); and the court has wide discretion in entertaining a declaratory judgment action. Wynn v. CommercialUnion Insurance Company, 12 Conn. L. Rptr. 51, 52 (June 13, 1994) (Lewis, J.). A declaratory judgment is an appropriate method to determine whether an insurer has a duty to defend and indemnify its insured. Holy Trinity Church v. Aetna Casualty Surety Co.,214 Conn. 216, 217, 571 A.2d 107 (1990).
American's first argument in support of its motion to strike with respect to the viability of Achilles' special defenses and counterclaim can best be analyzed in terms of standing, i.e, whether Achilles has the authority to assert the allegations contained in the special defenses and counterclaim and the court has the power to hear them. See Wynn v. Commercial UnionInsurance Company, supra, 12 Conn. L. Rptr. 52 (issue in declaratory judgment action is whether injured third party who will satisfy any favorable judgment from liability insurance proceeds has standing to participate in suit to determine CT Page 8312 coverage obligations); see also 2 E. Stephenson, Connecticut Civil Procedure, Sec. 266(h), p. 1101 (2d Ed. 1971) (plaintiff must have standing to sue to institute a declaratory judgment action). Standing may be raised by a motion to strike. AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545-46, 427 A.2d 822 (1980).
"The question of standing [to pursue a declaratory judgment] is essentially one of aggrievement." New Haven Firebird Societyv. Board of Fire Commissioners, 32 Conn. App. 585, 593,630 A.2d 131, cert. denied, 228 Conn. 902, 634 A.2d 296 (1993), quotingMunhall v. Inland Wetlands Commission, supra, 221 Conn. 54. A party bringing suit must demonstrate a legal interest in the controversy that can be distinguished from the interest of the general public. Connecticut Business Industry Assn., Inc. V.CHHC, 218 Conn. 335, 345, 589 A.2d 356 (1991).
The Supreme Court held that physically injured parties "`are certainly proper parties to a suit by the liability insurer to determine the coverage of its policy, and the better rule would seem to be that they are both proper and necessary parties to the maintenance of the suit.'" Connecticut Insurance Guaranty Assn.v. Raymark Corp., 215 Conn. 22A, 229, 575 A.2d 693 (1990), quoting 20 J. Appleman, Insurance Law and Practice, Sec. 11371. In that case, the court determined that issues of coverage raised in the declaratory judgment proceeding could not be resolved absent participation in the action by parties injured by Raymark's asbestos production. Id., 228. The court indicated that the declaratory judgment decision would "have a significant impact upon the interests of those who may be victims of Raymark's products." Id. Therefore, the court ordered that at least some of the claimants must be joined in order to comply with Practice Book, Sec. 390(d). Id., 229-30.
The coverage determination in this case would also have a significant impact on Achilles since, if judgment enters in his favor, the coverage provided by American would satisfy the judgment. Therefore, it is in this manner that he is affected differently than the public at large.
The only issues in the present declaratory judgment action are the existence or non-existence of coverage. Achilles argues that coverage exists and American argues that coverage does not exist. If American's argument that Achilles cannot assert a defense or a counterclaim in this action were to prevail, the CT Page 8313 Supreme Court's designation of claimants as necessary parties to declaratory judgment actions would be meaningless.
Therefore, since Achilles maintains a legal interest in the controversy that can be distinguished from the interest of the general public; Connecticut Business Industry Assn. v. CHHC,
supra, 218 Conn. 345; namely, that the satisfaction of any judgment received in the underlying action may be contingent on the existence of coverage, he has standing to assert special defenses and a counterclaim in this action. See Wynn v.Commercial Union Insurance Company, supra, 12 Conn. L. Rptr. 52
(injured plaintiff in underlying action has standing to maintain declaratory judgment action against underlying defendant's carrier since the issues affect his legal rights); see also AetnaCasualty Surety v. Gentile, 11 Conn. L. Rptr. 144, 146 (March 22, 1994) (Fracasse, J.) (the co-defendants in a declaratory judgment action to determine coverage who are plaintiffs in the underlying case, being real parties in interest in this action, are not precluded from asserting that the defendant's acts were covered under the policy, nor are they precluded from calling the tortfeasor as a witness in the declaratory judgment action toprove their defense). (Emphasis supplied.)
As a result, the court denies American's motion to strike Achilles' special defenses and counterclaim on the basis that Achilles does have standing to pursue his special defenses and counterclaim as a result of his status as a real party in interest.
American's second argument in support of its motion to strike is closely related to the first. It claims that the only action that Achilles can maintain against it is pursuant to General Statutes, Sec. 38a-321. That statute provides, in pertinent part, that "[u]pon the recovery of a final judgment against any person . . . if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer . . . ." However, if this rationale were to prevail, and American succeeded in the declaratory action, Achilles could maintain an action against American only after there had been a determination that no coverage existed in the first instance. See Aetna Casualty Suretyv. Gentile, supra, 11 Conn. L. Rptr. 147 ("General Statutes, Sec. CT Page 831438a-321 does not clearly afford a speedy remedy as effective, convenient, appropriate, and complete as this declaratory judgment action; the remedy provided by General Statutes 38a-321
would not become effective until thirty days after a judgment is rendered in the pending civil case").
Therefore, the court denies American's motion based on this argument as well.
American's last argument in support of its motion to strike is that it did not breach its duty to defend the Pecis. In ruling on a motion to strike, the court must construe the facts in the pleading in a manner most favorable to the nonmoving party, and if the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Rowe v.Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). Moreover, the issue is not whether the special defenses or counterclaim will prevail at trial, or even whether the defendant's claims can survive a motion for summary judgment. The issue is whether the facts which might be admitted into evidence under the special defenses and counterclaim are sufficient to establish a defense or cause of action. If so, the motion to strike must be denied.Smathers v. Champion International Corp., Superior Court, JD of Stamford/Norwalk at Stamford, DN. 88-94690 6 Conn. L. Rptr. 871
(June 3, 1992) (Rush, J.), see also Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 697 (Super.Ct. 1983) (in ruling on a motion strike, it is immaterial whether the plaintiff or defendant will be able to prove their claims at trial).
In his two special defenses, Achilles has properly pleaded the allegations of breach of contract and waiver. Special defenses are appropriate where they allege facts which are consistent with the complaint but show, notwithstanding, that the plaintiff has no cause of action. Practice Book, Sec. 164. Achilles' defense that American breached the contract would establish that American has no cause of action, as would proof of Achilles' defense of waiver. See DelVecchio v. DelVecchio,146 Conn. 188, 195, 148 A.2d 554 (1959) (waiver is a proper special defense).
Further, in the counterclaim, Achilles requests the court to declare the rights of the parties as they relate to the underlying contract of insurance. This is cognizable claim. SeeHoly Trinity Church v. Aetna Casualty Surety Co., supra, CT Page 8315214 Conn. 216 (declaratory judgment action proper to determine obligations under policy of insurance); see also Wynn v.Commercial Union Insurance Company, supra, 12 Conn. L. Rptr. 52
(same).
Therefore, the court denies American's motion to strike the special defenses and counterclaim based on this argument as well.
Based on the foregoing, the court denies American's motion to strike.