[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
By Motion to Strike, dated April 28, 2000 (the "Motion"), accompanied by a Memorandum of Law ("plaintiffs' Brief"), plaintiffs sought to strike defendant's three special defenses, dated March 30, 1998. In response, defendant filed her Objection To Motion To Strike, dated May 10, 2000, with her Memorandum In Support ("deft. Memo."). Oral argument on the Motion was heard on May 17, 2000. For the reasons stated herein, the Motion is denied.
I. Procedural Background
The complaint in this matter, dated February 24, 1997, alleged that defendant owned a single family residence located in Deep River, Connecticut (the "premises"). Count One, par. 1. Plaintiffs asserted that, in the process of offering the premises for sale, defendant signed a January, 1996 disclosure report making certain express representations as to its condition. Id., pars. 3-4. Plaintiffs further alleged that, in February, 1996, in reliance on the disclosure report, they and defendant entered into a contract wherein they agreed to buy the premises. Id., par. 5. Plaintiffs claimed that defendant knew, when she signed the disclosure report, that "one or more of the subject representations were false." Id., par. 6. Various defective conditions were alleged. Id. Plaintiffs asserted that they did not learn of these claimed misrepresentations until after the premises were purchased in July, 1996. CT Page 6647 Id., par. 9. They claimed damages as a result.
These allegations were included in Counts One and Two, which were denominated "Fraud" and "Theft," respectively. In Count Four, plaintiffs also alleged breach of contract, claiming that, by Addendum, dated February 28, 1996, defendant agreed to make certain repairs to the house but failed to do, also causing damages.
Defendant filed her Answer to the complaint on December 11, 1997. On April 1, 1998, she filed a Motion to Amend, seeking to assert the three special defenses. The Motion to Amend never appeared on the Short Calendar and the parties did not bring this to the court's attention.[1]
By Scheduling Order dated May 3, 2000, the court directed that oral argument be heard on the Motion to Amend on May 17, 2000. After hearing argument, that motion was granted.
Defendant's motion for partial summary judgment was filed on April 28, 1998. By Memorandum of Decision, dated January 26, 2000, the court granted defendant's motion for partial summary judgment as to Counts Three (Breach of Covenant) and Count Six (Breach of Promise). Counts Five (Breach of Statutory Duty) and Seven (as to another defendant) were withdrawn.
II. Standard of Review
Practice Book § 10-39(a)(5) authorizes the filing of a motion to strike a special defense where its legal sufficiency is challenged. RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994). "In . . . ruling on the . . . motion to strike, the trial court [has the] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Conn. Nat. Bank v. Douglas, 221 Conn. 530, 536
(1992). In considering such a motion, "the trial court is limited to considering the grounds specified in the motion." Meredith v. PoliceCommission, 182 Conn. 138, 140 (1980).
III. Discussion
Defendant's special defenses may be summarized follows.[2] In the First Special Defense, she alleges that plaintiffs waived their claims. She outlines certain contractual terms related to buyers' representations as to their examination of the premises. and their opportunities to conduct tests and inspections thereof. Id., pars. 2-3. She contends that she gave them "frequent and unfettered access" for the purposes of inspections prior to the closing in July, 1996. Id., par. 4. As a result of these inspections, she claims that they discovered or were advised by CT Page 6648 her or their representatives of various problems at the premises which required corrective measures. Id., par. 6.
Of most significance, she alleges that the information and advice set forth in paragraph 6 as to the listed problems/conditions "came to the knowledge and information and possession of the Plaintiffs prior to their purchase of the subject property. . . ." Id., par. 7. She asserts that although they were aware of these problems/conditions prior to the closing, plaintiffs "waived any claim for these conditions or potential problems" by going forward with the purchase. Id., par. 8.
The same allegations are incorporated in the Second Special Defense, with the addition of a paragraph 9, which states: "The Defendants accepted a credit in the amount of $1,000 from the Seller accord and satisfaction with respect to the subject conditions." Clearly, since the seller here was the defendant, the Second Special Defense contains a typographical error, referring to "Defendants" when "Plaintiffs" should have been stated. For the purposes of this Motion, the court will assume the correction of this error.
In their Motion, plaintiffs state that the "special defenses do not clarify whether they are directed at the first or second of plaintiff's counts or all of them," but that plaintiffs' "reasoning does not depend on this articulation." Plaintiffs' Brief does not address this point. If plaintiffs had wanted to obtain corrections in the special defenses by specification of the counts to which they applied, a request to revise could have been filed. P.B. § 10-35. By the filing of a motion to strike; plaintiffs have waived the right to file such a request. P.B. § 10-6, 10-7.
A. Waiver
As to the First Special Defense, plaintiffs argue that it is "an amalgam" of two different theories, both of which amount only to amplified denials. Plaintiffs' Brief at 1.
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennettv. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802 (1994). Practice Book § 10-50 provides that a special defense is to be utilized to plead facts which are consistent with plaintiff's statements of fact "but show, notwithstanding, that the plaintiff has no cause of action. . . ." Such facts "must be specially alleged" and may not be proved under either a general or special denial. Id. Grant v. Bassman, 221 Conn. 465, 472-73
(1992); Federal Deposit Ins. Corp. v. Napert-Boyer Partnership, CT Page 664940 Conn. App. 434, 445 (1996). "Under our practice, when a defendant pleads a special defense, the burden of proof on the allegations contained therein is on the defendant." Dubose v. Carabetta, 161 Conn. 254,262 (1971).
"Waiver is the intentional relinquishment of a known right." WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 251 (1992); Dichello v.Holgrath Corp., 49 Conn. App. 339, 349 (1998). As our Supreme Court has noted, waiver "need not be express, but may consist of acts or conduct from which a waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (citations and internal quotation marks omitted.) Wadia Enterprises, Inc. v.Hirschfeld, supra.
Certain special defenses are enumerated in Practice Book § 10-50 as among those which must be specially pleaded. While waiver is not listed in § 10-50, our Supreme Court has held that it must be pleaded as a special defense. DelVecchio v. DelVecchio, 146 Conn. 188, 195 (1959). More recently, the Appellate Court has noted that waiver may be pleaded as a special defense to a fraud claim. Bernard v. Gershman,18 Conn. App. 652, 657 (1989).
Neither the Motion nor plaintiffs' Brief addresses the First Special Defense's pleading of waiver, although, as noted, paragraph 8 of that defense specifically uses the terms "waived any claim." Plaintiffs have not provided the court with any authority for the proposition that the special defense of waiver may not apply to a claim for fraud or one based on theft. Also, plaintiffs' argument does not appear to relate to their Count Four, concerning breach of contract, since it is not mentioned. Rather, plaintiffs state that their "theory is fraud." Id. Practice Book § 10-42(a) (formerly Practice Book § 155) requires a movant's memorandum of law to cite the legal authorities upon which it relies.
The First Special Defense pleads that plaintiffs learned of almost all of the defective conditions addressed in Counts One and Two of their complaint prior to closing on the property, and that they closed and purchased it nonetheless. The defense lists the problems about which relief is sought by plaintiffs in Counts One and Two, except for an "electrical system problem" referenced in pars. 4B and 6D. In considering this type of motion the court is limited to the facts alleged in the challenged pleading. Waters v. Autori, 236 Conn. 820, 825 (1996).
The fact that defendant has denied plaintiffs' allegations does not preclude her from framing special defenses and assuming the burden to prove them. As noted, waiver may be inferred from circumstances. In view of the court's obligation to construe the First Special Defense in favor CT Page 6650 of its legal sufficiency and since plaintiffs have cited no legal authority to establish that waiver cannot apply to their claims of fraud or theft, the motion to strike the defense must fail.
B. Accord and Satisfaction
As to the Second Special Defense, based on the doctrine of accord and satisfaction, plaintiffs assert that it is insufficient for the "reasons hereinbefore set forth," referring to their argument concerning the First Special Defense. Plaintiffs' Brief at 4. Plaintiffs argue that "conceivably," such a defense "could be asserted if the defense contended that the payment of $1,000.00 was contractually entered into as consideration to resolve the defendant's admitted fraud." Id.
Practice Book § 10-50 requires the pleading of accord and satisfaction as a special defense. Plaintiffs cited no caselaw holding that a party must admit to fraud before relying on accord and satisfaction as a defense. As noted, paragraph 7 of the Special Defense claims that the "information and advice" about various problems/conditions was in plaintiffs' possession "prior to their purchase. . . ." Paragraph 9 alleges that a credit was accepted from the seller "with respect to the subject conditions."
As pleaded, this defense adequately sets forth the basic elements of accord and satisfaction: (1) that there was a good faith dispute about an amount claimed to be owed; (2) that a contract of accord was negotiated to settle the claim; (3) that it was supported by consideration; and (4) that the contract was performed. Herbert S. Newman Partners v. CFCConstruction Ltd. Partnership, 236 Conn. 750, 764 (1996); Davis v. FormanSchool, 54 Conn. App. 841, 849 (1999); Munroe v. Emhart Corp.,46 Conn. App. 37, 42, cert. denied, 243 Conn. 926 (1997). Accordingly, the Second Special Defense should not be stricken.
Conclusion
For the foregoing reasons, plaintiffs' motion to strike is denied.
It is so ordered.
BY THE COURT
 ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT