ANNA SUNDIK *v.* JOSEPH JANOSKY

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued April 6—decided May 25, 1966

*Herman D. Silberberg,* for the appellant (defendant).

*James C. Lyons,* for the appellee (plaintiff).

SHANNON, J.  This is an action for breach of an express contract for the support of the defendant's minor daughter, Janice.  The plaintiff is Janice's maternal grandmother with whom Janice has resided since her mother's death on November 17, 1945.  Janice was born on July 15, 1944.

Through an exchange of letters by their attor-

neys, the defendant agreed, on March 19, 1946, to pay the plaintiff $7 a week for the support of Janice, retroactive to November 17, 1945, in addition to paying for her wearing apparel and medical expenses. In pursuance of his agreement, the defendant paid to the plaintiff $7 per week for twenty-two weeks. He then paid her $40 in a lump sum and thereafter, by a money order dated June 28, 1947, made a further and last payment of $30. From August, 1946, until August, 1961, the defendant paid directly at stores for certain articles of clothing for Janice, which in the ten years preceding 1961 amounted to not more than $100 to $120 each year. During the same period from August, 1946, until August, 1961, he paid directly to certain doctors and dentists various medical and dental bills incurred by Janice, including a bill for eyeglasses.

The defendant pleaded the Statute of Limitations as his first special defense. The court concluded that the defendant had tolled the running of the Statute of Limitations by his medical and dental payments and the purchase of wearing apparel between August, 1946, and August, 1961. The record discloses that, when he was called as a witness by the plaintiff, the defendant expressly conceded that these payments were considered by him as made pursuant to the agreement on which the plaintiff's suit is predicated, and the court so found. It further found that by these payments the defendant recognized his contractual obligation and intended the purchases to be part of the payment of that obligation. This admission and the subordinate facts support the court's conclusion that the defendant recognized the whole of the debt as subsisting so that the law could imply from the recognition a

promise to pay the balance of the contractual obligation and that the Statute of Limitations was tolled under our rule as stated in *Clark* v. *Diefendorf,* 109 Conn. 507, 515, 147 A. 33.

It is unnecessary to discuss the other assignments of error.

There is no error.

In this opinion the other judges concurred.