[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned cases, which concern claims based on a note and guarantees, came before this court for trial on the merits. Post trial briefs were filed on February 14, 1997. The only genuine dispute is whether one of the guarantees should be held to have been extinguished by the statute of limitations.
Defendants U.S. Medical Corp. and Bruce E. Dodson have raised no special defenses to the plaintiffs' claims of nonpayment of a note by U.S. Medical Corp. and of a guaranty by Dodson. Defendant Leafe denied in his answer that he had obligations as a guarantor and pleaded as special defenses that suit was barred by 1) the statute of limitation, 2) equitable estoppel, 3) laches, 4) accord and satisfaction, 5) failure of consideration, and 6) release from the guaranty.
Defendant Leafe filed a third party complaint against U.S. Medical Corp. claiming indemnification for any judgment that might be rendered against him and in favor of the plaintiff, Dean Kamen. U.S. Medical pleaded the statute of limitation as a defense to that claim. Bruce Dodson filed a counterclaim against defendant Leafe likewise claiming indemnification from any judgment in the suit brought against him by Kamen.
The court finds that the pleadings are closed as to all claims and special defenses and that recent motions for leave to amend were not pursued by their filers.
After hearing the evidence as to all claims and defenses and after assessing the credibility of the three witnesses, the court finds the facts to be as follows. The plaintiff, Dean Kamen, is an engineer and president of a firm known as DEKA, a research and development company that he founded in late 1981 or early 1982. In 1984 Kamen had dealings with Leafe and Dodson, who had founded a corporation known as U.S. Medical Corporation that was engaged in, among other things, developing and selling medical equipment. Kamen thought his company and U.S. Medical Corp. could be mutually beneficial in developing related business, and when U.S. Medical Corp. appeared to be on verge of a big transaction for which it CT Page 4321 needed some start-up money, Kamen agreed to loan it $100,000. Because it was anticipated that the loan would be needed only until the transaction was achieved, the note provided for payment sixty days after the date of the note, that is October 31, 1984. The plaintiff requested Leafe and Dodson to provide him with guarantees of this indebtedness, recognizing that U.S. Medical was newly formed, struggling, and lacking in assets.
The hoped-for deal fell through, however the plaintiff forbore from demanding payment of the note or enforcing the guarantees while the defendants pursued other business dealings. This forbearance benefited both guarantors, who were hoping to develop U.S. Medical as a major investment. The plaintiff required both U.S. Medical and the two guarantors to furnish him with financial statements so that he could be aware of their financial condition. The plaintiff made two additional loans to U.S. Medical in the amount of $25,000 each. These loans were paid back by 1986. The court finds that all of the parties agreed that the payments that the plaintiff applied to those loans were not meant to be used instead to reduce the loan memorialized by the August 30, 1984 note and guarantees.
U.S. Medical continued to struggle, and up to November 25, 1994, it had paid only $15,000. as to the $100,000. note. In 1986, Leafe left U.S. Medical. On March 25, 1985, he furnished Kamen with a personal financial statement to satisfy Kamen's need to determine whether there were still assets sufficient to cover the loan, representing that he owned a home worth $175,000 (Ex. G). A month later, Leafe quitclaimed his interest in his home to his wife for "love and affection" (Ex. U). In financial statements reporting his assets as of December 31, 1990 and December 1992, Leafe listed himself as owning $200,000 worth of real estate; however he noted in a schedule that title was held by his wife (Ex. 1, 2).
Claims Against U.S. Medical Corp. 
U.S. Medical Corp. has not raised any defenses to the plaintiff's suit to recover the amount due under the note, which the court finds to be $85,000. plus interest at the rate of twelve percent, as provided in the note, from October 31, 1984 to date, that is, interest in the amount of $127,500.00
Claim Against Bruce E. Dodson
CT Page 4322
Defendant Dodson likewise has raised no defense to the plaintiff's claim for recovery pursuant to his guaranty of the note of U.S. Medical Corp. Judgment shall enter in favor of the plaintiff against the defendant in the amount of $85,000. plus interest in the amount of $127,500.
Claim Against Howard Leafe
The court finds that defendant Leafe executed a guaranty of the $100,000 note of U.S. Medical and that he is liable unless his liability is barred by the doctrines invoked in his special defenses.
Waiver of Statute of Limitation
In response to defendant Leafe's raising as a defense the statute of limitation, the plaintiff points to a clause in the personal guaranty at paragraph 2(e) in which Leafe waived "all legal and equitable defenses which may be available to a guarantor or surety in any jurisdiction." (Ex. C).
As the Connecticut Supreme Court ruled in Orticelli v. Powers,197 Conn. 9, 15 (1985)
 [t]he general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural [and is subject to waiver].
See also Diamond National Corp. v. Dwelle, 164 Conn. 540, 546
(1973).
In Orticelli, the issue of waiver arose in connection with a failure to plead the statute of limitation. While the Superior Court found that statutes of limitation that were not part of the cause of action were subject to waiver after a claim arose, the parties have not cited and this court has not located any case in which the appellate courts of Connecticut have considered the validity of a waiver of the statute of limitations that is set forth in the initial agreement memorializing the parties' obligations before any claim has arisen.
The courts of other states, however, have found such waivers unenforceable. In Kassner v. City of New York, 415 N.Y.S.2d 785
CT Page 4323 (1979). The Court of Appeals of New York declared unenforceable a contract clause that extended the time for bringing an action beyond the period provided by the applicable statute of limitation. The Court reasoned that a party "cannot, in advance, make a valid promise that a statute founded in public policy shall be inoperative." Kassner v. City of New York, 415 N.Y.S.2d 789. The Court did not explain why a contractual waiver was disallowed even though a party who fails to plead the statute of limitation in a defense may be held to have waived it, that is, why inadvertent waivers are valid and advertent waivers, perhaps bargained for in an exchange of substantive and procedural advantages, are not valid, even though waiver in either circumstance has precisely the same impact on the "societal interest or public policy of giving repose to human affairs."
While it is by no means clear that Connecticut's courts, which regard statutes of limitation as personal and waivable unless they are part of a statutory remedy, see Bridgeport v. Debek,210 Conn. 175, 187-188 (1989), would adopt the approach of the New York Court of Appeals in Kassner, the general approach of Connecticut's courts to issues of contractual waiver is to give effect only to waivers that are "voluntary and knowing". McHugh v. McHugh, 181 Conn. 482,486 (1980), reaffirming that a party must be aware of a right he possesses prior to a proper waiver of it. Id., citing Stern Co. v. International Harvester Co., 148 Conn. 527, 534 (1961). Waiver is the intentional relinquishment of a known right. DelVecchio v.DelVecchio, 146 Conn. 188, 194 (1959).
The waiver on which the plaintiff relies is a general waiver of "all defenses". It does not indicate any specific waiver of the statute of limitation, nor was there any evidence to indicate any specific subject matter to which the parties intended the waiver stated in paragraph 2(e) to apply. Under all of these circumstances, this court does not find that the defendant can be found to have knowingly waived the statute of limitation defense.
Acknowledgement of Debt
The plaintiff asserts that the statute of limitation was tolled because Leafe repeatedly engaged in actions that acknowledged the debt on the $100,000 note and his liability as a guarantor. By a letter dated March 27, 1986 (Ex. L) signed by both Dodson and Leafe, these guarantors specifically acknowledged "our obligation to repay the $150,000 loaned by you to U.S. Medical Corporation: (1) $100,000 loaned June 1984. . . ." In that letter, CT Page 4324 both guarantors stated:
 This will also confirm what was previously guaranteed to you personally, namely that the undersigned have personally guaranteed these loans on the same basis as the Guarantees by us separately on August 30, 1984.
Leafe and Dodson went on to state that they were enclosing their personal net worth statements and offered to provide further information.
By this acknowledgment letter, Leafe and Dodson adopted a practice of furnishing the plaintiff with personal net worth statements as a means of acknowledging that they continued to be liable as guarantors.
In January 1991 and again in April 1992, Dodson obtained from Leafe updates of his personal net worth statements and sent them to the plaintiff. The court finds that Leafe furnished his net worth statements to Dodson knowing that they would be so used for purposes of acknowledging the continuing debt of which he was a guarantor. Dodson sent Leafe copies of the cover letter transmitting Leafe's personal net worth statement to the plaintiff (Ex. P, R). Those cover letters specifically mention the plaintiff's loan to U.S. Medical.
Leafe's personal financial statements dated January 9, 1991 and April 6, 1992 specifically list as contingent liabilities "Guarantor on notes for U.S. Medical and CT Print."
Where a guarantor recognizes his obligation for a debt, the statute of limitation is tolled. Sundik v. Janosky, 153 Conn. 671,672-3 (1966); Clark v. Diefendorf, 109 Conn. 507, 515,147 A. 33 (1929).
Leafe never formally repudiated his guaranty, and by furnishing his personal net worth statements for use in acknowledging the debt, he authorized Dodson to act on his behalf to acknowledge both the debt by U.S. Medical and Leafe's guaranty. The court finds that under the circumstances, Leafe's conduct constituted an unequivocal acknowledgement of the whole debt and his own guaranty of payment. See Zapolsky v. Sacks, 191 Conn. 194,198 (1983). CT Page 4325
Because the statute of limitation was tolled, the claim on the Leafe guaranty commenced in 1992 is not barred by the statute of limitation.
Other Defenses
The court does not find that defendant Leafe has proven his special defenses of laches or equitable estoppel. This defendant did not prove either that the plaintiff acted in a manner that was intended or even likely to induce Leafe to believe that the debt and guaranty were forgiven, nor that Leafe detrimentally changed his position in reliance on any such indication. Breen v. AetnaCasualty and Surety, 153 Conn. 633, 643 (1966).
Defendant Leafe has likewise presented no proof to support his defenses of accord and satisfaction, failure of consideration, or release.
Leafe v. U.S. Medical
In Kamen v. Leafe, defendant Leafe has filed a third party complaint against U.S. Medical seeking 1) payment of other obligations and 2) indemnification as to Kamen' s claim.
U.S. Medical did not appear after having been served with Leafe's third party complaint, and a default was entered against it on September 24, 1992. Since the default establishes the allegations of the complaint, including the indemnification claim,Costello v. Hartford Institute of Accounting, Inc., 193 Conn. 160,161, n. 1 (1984), the trial was a hearing in damages as to Leafe' s third party claim Leafe proved that U.S. Medical agreed in a written agreement entered into in 1986 when Leafe left the company to reimburse him for $314.24 in money he had loaned to or expended on behalf of U.S. Medical. All of the other agreements stated in Exhibit 4 were contingent on events not proven to have occurred. Judgment shall enter in the amount of $314.24 in favor of Leafe against U.S. Medical. U.S. Medical is also liable to indemnify Leafe for any payments he makes on its behalf pursuant to his guaranty of the $100,000 note.
Indemnification Claims of Leafe and Dodson
Both guarantors of the $100,000 note claim a right to be indemnified by each other with regard to such guarantees. Neither party has briefed this issue. Each guarantor is liable to the CT Page 4326 plaintiff, Kamen, in the full amount of the obligation of U.S. Medical under the note. Leafe's and Dodson's rights against each other with regard to the guarantees are not claimed to be the result of any agreement to indemnify. Neither Leafe nor Dodson has established that any agreement to indemnify existed, nor have they adduced proof sufficient under the civil standard of proof to establish any duty to indemnify. The court finds that these claims are unproven.
Merits of Kamen's Claims Against Leafe
Plaintiff Kamen has proved that defendant Leafe signed a written guarantee in which he pledged to pay the $100,000 note of U.S. Medical should the obligor default. Default has occurred. Pursuant to the guaranty, Leafe is liable on his guaranty in the amount due on the note, that is, $85,000., plus interest at the rate of twelve percent per year, that is, $127,500.00. (While the defendants proposed a lower rate of interest, the plaintiff never agreed to vary the note stated in the note.) The plaintiff should also recover the costs of collection, including a reasonable counsel fee, pursuant to the terms of the guaranty, Exhibit C. The court finds reasonable counsel fees to be $23,612.26.
Conclusion
Judgment shall enter in favor of Dean Kamen against U.S. Medical Corp., Bruce Dodson and Howard Leafe in the amount of $85,000 plus interest in the amount of $127,500 plus attorney's fees and disbursements in the amount of $23,612.26 plus civil costs to be taxed upon application to the clerk of the court.
Judgment shall enter in favor of Howard A. Leafe against U.S. Medical for indemnification in the amount paid as to the judgment against Leafe plus $314.24.
Judgment shall enter in favor of Bruce Dodson as to Howard Leafe's claim for indemnification and in favor of Leafe as to Dodson's claim for indemnification.
Beverly J. Hodgson Judge of the Superior Court